OF THE

## COUNTY OF CALEDONIA,

AUGUST TERM, 1867.

---

PRESENT :

Hon. JAMES BARRETT,
Hon. LOYAL C. KELLOGG,
Hon. ASAHEL PECK,        } ASSISTANT JUDGES.
Hon. WILLIAM C. WILSON,

---

\*AUSTIN D. GOODRICH *v.* ALDEN E. JUDEVINE.

*Pleading.   Estoppel.*

In a plea in bar that the same matter had been adjudicated between the same par-
ties in a former suit in which the servant of the plaintiff was the defendant, an
averment that the plaintiff, and the said servant named, *" appeared in court"*
on the trial of the former suit, being the only connection which the plaintiff is
alleged to have had with·that suit, is insufficient.   That averment should also
show that the plaintiff appeared voluntarily or upon  citation, and defended the
suit, or took upon himself the burden of its defence.

The former suit (*Holton et al.* v. *Goodrich,* 35 Vt. 19,) was trespass for a quantity of
stone reserved in the sale of land, to be removed within a. certain time, which
was afterwards extended.   The defendant averred " that this suit is brought to
recover damages for the removal and conversion of the residue of said quantity
of stone by this defendant, parcel of the same quantity of stone so removed by
the plaintiff, and that the title to said stone so removed by said plaintiff, and in
issue and determined by the court in said cause, is the same title in issue between

---

\*This case was argued before BARRETT, KELLOGG and PECK, JJ., at the August
Term, 1866.

Goodrich *v.* Judevine.

the parties in this case, and that the agreement to enlarge the time for removing said stone in issue, and adjudged as aforesaid, in the cause as aforesaid, wherein this defendant was plaintiff, was the same agreement in issue between the parties in this suit; and that the title to said quantity of stone so adjudged to be in this defendant, in the suit and action aforesaid, remained and subsisted in this defendant at the time the residue of said stone was removed by this defendant, and to recover damages for the removal of which this suit is brought." *Held,* that the plea was insufficient to show that the identical right, which is the subject of controversy in this action, was adjudicated in the former suit.

A justification, good as to a part only of the trespasses complained of in the declaration, is bad if it professes to answer the whole.

The declaration complained of breaking and entering the plaintiff's close, and taking and carrying away stone thereon. The defendant's plea was pleaded as an answer to the whole declaration, but set forth a justification, not of the whole of the acts of trespass complained of, but only of the taking and removing the stone. *Held,* that the plea was insufficient. If the defendant had the right to take and carry away the stone, he should have pleaded that he entered the close for the purpose of exercising that right, and that in so doing, he did no unnecessary damage.

It is not necessary to set forth, either in a plea in bar, or in estoppel, the whole proceedings in the former suit, but it is allowable to set them out with a *taliter processum est.*

TRESPASS *quare clausum fregit.* The defendant filed several pleas as set forth with other facts in the opinion of the court. The question discussed in the opinion, and decided by the court, arose upon demurrer to the fourth and fifth pleas—which were alike, except in the beginning and conclusion. The fourth plea was as follows, viz:

" And for further plea in this behalf, by leave of the court for that purpose first had and obtained, the defendant, by his attorney, Timothy P. Redfield, comes and defends the wrong and force, when, &c., and says that the plaintiff ought not to have and maintain his aforesaid action thereof against this defendant, because he says that heretofore, to wit, on the 4th day of November, A. D. 1851, at Hardwick, in said county, one Adolphus Holton, and this defendant, both of said Hardwick, were joint owners of the close set forth in the plaintiff's declaration, and on the day last aforesaid, the said Holton and this defendant, conveyed, by deed duly executed, said premises to the plaintiff, on which premises was then and there situated a meeting house; and a quantity of valuable stone, and in said conveyance, and in and by said deed, the said Holton and this defendant reserved said meeting house and stone, and the right to get off from said premises, and remove therefrom, said stone and meeting house until the 1st of April, A. D. 1853 ; and the plaintiff avers that afterwards, to wit, on the 20th day of March, A. D. 1853, the plaintiff, and the said Holton

and this defendant, by mutual agreement *enlarged and extended the time,* limited in said deed for removing said stone and meeting house from said close, until the plaintiff should wish to use said close in the spring of said year, A. D. 1853, to wit, the 1st day of May, A. D. 1853. And the defendant further avers, that the said Holton and this defendant, relying upon such agreement for the enlargement of the time aforesaid further to remove said stone until the 1st day of April, A. D. 1853, when the plaintiff, with one Simeon Goodrich, acting as servant and agent of the plaintiff, entered upon the said close, and removed one stone, parcel of said quantity of stone, from said premises, and converted the same to his own use; and afterwards, to wit, on the 2d day of April, A. D. 1853, entered said close, and removed the residue of said stone; and this defendant further avers, that afterwards, on the 18th day of March, 1859, the said Holton and this defendant commenced their action against the said servant and agent of the plaintiff, counting in trespass and trover, for the removal of said stone from said close, and converting said stone to their own use, which writ and action was made returnable to and before Ebenezer B. Guyer, then and there justice of the peace for said Caledonia county, at the office of Holton and this defendant, in said Hardwick, on the 9th day of May, 1859, at 10 o'clock, a. m., which writ was duly served on the said Simeon on the 22d day of April, 1859, and said plaintiff, and said Simeon, appeared in said court before said justice on the return day of said writ, as aforesaid, and the respective parties in said action where then and there impleaded, and issue was joined* then and there in said court between said parties, whether the plaintiff, and said Holton and this defendant, by agreement, enlarged the time for removing said stone, as aforesaid, and whether the said Holton and this defendant were then and there the lawful owners of said quantity of stone, part and parcel of which had been removed by the plaintiff and said Simeon, as aforesaid, and such proceedings were had in such cause, that at the general term of the supreme court of Vermont, held at Montpelier, on the          day of November, A. D. 1861, that the said Holton and this defendant recovered judgment against the said Simeon, for the sum of          damages, and the further sum of          costs of suit, which judgment is now in full force. And the defendant avers, that on the trial of said cause and of said issues, it was determined and adjudged by said court, that the said Holton and this defendant were then and there the lawful owners of said quantity of stone, at the time said stone were removed by the said Simeon and this plaintiff, and that by agreement between the said Holton and this defendant, and the said Justus D., the time was enlarged and extended for the removal of said stone by said Holton and this defendant, as above set forth in this plea. And the defendant avers, that this suit is brought to recover damages for the removal and conversion of the residue of said quantity of stone by this defendant, parcel of the same quantity of stone so removed by the plaintiff and

Goodrich *v.* Judevine.

the said Simeon. And the defendant avers, that the title to said stone, so removed by said plaintiff and said Simeon, and in *issue* and determined by the court in said cause, is the same *title* in issue between the parties in this case, and that the agreement to enlarge the time for removing said stone in issue, and adjudged as aforesaid, in the cause as aforesaid, wherein the said Holton and this defendant were plaintiffs, and the said Simeon, defendant, was the same agreement in issue between the parties in this cause. And the defendant avers, that the title to said quantity of stone, so adjudged to be in the said Holton and this defendant, in the suit and action aforesaid, remained and subsisted in the said Holton, and this defendant, at the time the residue of said stone were removed by this defendant, and to recover damages for the removal of which this suit is brought, which this defendant is ready to verify by the record, wherefore he prays judgment," &c.

To this and the fifth pleas the defendant demurred specially.

The court, at the June Term, 1866, POLAND, Ch. J., presiding, adjudged, *pro forma*, that the fourth and fifth pleas were sufficient, and rendered judgment for the defendant,—to which the plaintiff excepted.

*Peck & Colby*, for the plaintiff.

*T. P. Redfield*, for the defendant.

The opinion of the court was delivered by

KELLOGG, J. The plaintiff's declaration is in trespass *quare clausum fregit*, for the breaking and entering by the defendant, on the 1st day of April, 1853, of a certain close of the plaintiff's in Hardwick, (which is described,) and then and there, on the said 1st day of April, and on the 2d and 3d days of the same month, breaking down the plaintiff's fences, and, with cattle, horses and men, treading down the herbage there growing, and taking and carrying away from the premises the plaintiff's buildings and timbers and other materials of great value, to wit, one hundred dollars, and also taking and carrying away " the plaintiff's granite stone there situate, all of the value of eighty dollars," and converting the same to his, the defendant's, own use. The defendant pleaded, first, the general issue ; second, license, and three pleas in bar. Issue was duly joined

on the first, second and third of these pleas, and to the fourth and fifth the plaintiff demurred specially. The county court, *pro forma*, overruled the demurrer, and held the fourth and fifth pleas to be sufficient, and rendered judgment for the defendant. To this decision and judgment the plaintiff excepted.

A copy of the fourth plea only, with the demurrer thereto, was furnished to this court on the hearing; but it was agreed by the counsel that the originals of the fifth plea, and the demurrer to the same, were lost, and that the fifth plea should be regarded and treated as being like the fourth plea in all respects, except the beginning and conclusion, which were in proper form in *estoppel*, and that the same causes of demurrer, *mutatis mutandis*, should be treated as assigned to this plea which were assigned to the fourth plea, so far as the same were applicable.

It may be doubted whether the defence set up in the fifth plea can be pleaded by way of *estoppel*, inasmuch as the estoppel must depend, in a large measure, upon questions of fact to be decided on the trial. But the same defence is pleaded in bar in the fourth plea, and we are disposed to regard it as immaterial, if the pleas set forth a defence which is good in substance, whether this defence is pleaded in form, in bar, or as an estoppel.

The principal question arising on these two pleas is, whether the plaintiff's relation or connection with the suit in favor of Holton and the defendant against Simeon Goodrich, (35 Vt. 19,) is sufficiently set forth, or averred, to make the judgment in that suit binding and conclusive, as against the plaintiff, in respect to the matters therein litigated. It is clear that the plaintiff is not affected or barred by that judgment, unless it is shown that he was a party or privy to the suit, and that the identical right, which is the subject of controversy in this action, was adjudicated upon in that suit. The pleas state, in substance, that in the entry on the close and removing of the stone, which was the act of trespass complained of in that suit, Simeon Goodrich, who was the defendant in the suit, was the servant and agent of the plaintiff, and that, on the return day of the writ in that suit, the plaintiff and the said Simeon " *appeared in court* " before the justice to whom the writ was returnable, " and the respective

parties in said action were then and there impleaded, and issue was joined then and there in said court between said parties," * * and that the stone, for the removal and conversion of which that suit was commenced, was part of the same quantity of stone the title to which is in issue between the parties in this action, and that the title to that stone which was in issue and determined in that suit is the same title now in issue in this action. The pleas aver merely that the plaintiff " *appeared in court* " on the trial of the former suit, and this is the only connection which he is alleged to have had with that suit. We think that this averment of an appearance in court is not sufficiently definite to show that the plaintiff had any connection with the suit or took any part in the proceedings on the trial. The pleas should show not only that the plaintiff " *appeared in court,*" but that he also defended the suit, or took upon himself the burden of its defence, either upon his voluntary appearance, or after being cited by the defendant in the suit to appear and make defence to it. The pleas do not show that the plaintiff took any part in conducting the defence, and the averment that he " *appeared in court* " would be supported by proof that he appeared as a witness or spectator, as much as by proof that he appeared in any other character. We cannot, without an unwarrantable relaxation of the rules of pleading, treat this averment as implying that the plaintiff appeared as a party to the suit, and conducted, or participated in conducting, the defence which was made on the trial, and in this respect the pleas are defective.

The pleas do not show with sufficient distinctness and certainty that the identical right which is the subject of controversy in this action was adjudicated upon in the former suit. The pleas should have alleged that the stone mentioned in the declaration as taken and carried away by the defendant, were taken and carried away by him before the time for the removal of the stone, as enlarged and extended by the agreement referred to in the plea, had expired, and that this taking and carrying away of the stone by the defendant, was the same trespass for which this action was brought. But for aught which appears in the pleas, the taking and carrying away of these stone by the defendant might have been after this enlarged time

for the removal of the stone by the defendant had expired; and we regard the pleas as being fatally defective in this particular.

The pleas are bad in another respect. The principal trespass complained of in the declaration is, the breaking and entering of the plaintiff's close, and the residue is matter of aggravation. Under this declaration, if the defendant was not found guilty of breaking and entering the close, he could not be found guilty of the residue of the trespass as set forth in the declaration. 1 Saund. R., 27; *Eames* v. *Prentice et al.*, 8 Cush. 337. The pleas are pleaded as an answer to the whole declaration, but set forth a justification, not of the whole of the acts of trespass complained of, but only of a part of those acts which were alleged as matter of aggravation. In respect to every thing complained of in the declaration, except the taking and carrying away of the stone, the pleas are silent. If the defendant had the right to take and carry away the stone, he should have pleaded that he entered the close for the purpose of exercising that right, and that, in so doing, he did no unnecessary damage. It is well settled that a justification, good as to a part only of the trespasses complained of in the declaration, is bad as a whole, if it professes to answer the whole. 1 Saund. R. 28, note 3; *Dutton* v. *Holden*, 4 Wend. 647.

It is not necessary to set forth, either in a plea in bar, or in estoppel, the whole proceedings in the former suit, but it is allowable to set them out with a *taliter processum est.* 1 Saund. R. 92, n. (2.)

The *pro forma* judgment of the county court, by which these pleas were held to be good, is reversed, and the pleas are adjudged to be insufficient. The defendant, if he desires to do so, will be allowed to withdraw and amend his pleadings on the ordinary terms; but otherwise the case will be remanded to the county court for a trial on the issues joined on the other pleas.