### JOSEPH ELLIS *v.* GEORGE W. CLEVELAND AND HARVEY PERIGO.

#### *Trespass.    False Imprisonment.    Pleas.*

1. The plaintiff was arrested in one county, and by his own request, committed to the jail in another county. In an action for false imprisonment it was held that he had thereby waived the right to be imprisoned in the county where he was arrested.
2. If an officer justifies under a returnable process, his plea must show a return of the process according to its commands ; but not so the plea of the officer's servant.
3. But in this case the officer and his servant joined in the plea ; and, it being bad as to one, was bad as to both.
4. The plea professes to answer the whole declaration, but omits to justify the detention of the plaintiff some portion of the time ; it is, therefore, ill.

TRESPASS for false imprisonment.    Pleas, general issue and special plea in bar.    Heard on demurrer to the special plea, December Term, 1881, TAFT, J., presiding.    Plea held sufficient.    The declaration alleged that the defendants, without reasonable cause, assaulted plaintiff in Rochester, in the county of Windsor, on the 28th day of May, 1880, and carried him to Chelsea, in the county of Orange, and, after imprisoning him for four hours in a barn, committed him to the jail in said Chelsea, on the 29th day of said May ; that they detained him in said jail two days, till the 31st ; and that they then carried him the distance of twenty-five miles towards Woodstock, and on the same day conveyed him back to Chelsea, and " there and in that vicinity further kept and detained the plaintiff for the further space of nine days," against " the mind and will of the plaintiff," and contrary to law.

The defendants joined in the plea in bar, and set forth that defendant, Perigo, was a lawful constable; that a "certain writ of attachment in favor of the defendant Cleveland against the said plaintiff was issued by Aaron Davis, a justice of the peace within and for said county of Orange, directed to any sheriff or constable in the State, to serve and return, commanding him for want of the goods or estate of the said plaintiff to be found within his precinct, to take and attach his, the said plaintiff's body, and him safely keep and have to appear before a justice court before the said justice at the office of Geo. L. Stone, in Chelsea, in said Orange County, on the 10th day of June, A. D., 1880, at 9 o'clock in the forenoon, to answer to the said Cleveland in a plea of trover"; that said writ was delivered to said Perigo; that said Cleveland was only the servant of the said constable; that, for want of any property to be found, the defendants lawfully arrested the plaintiff by virtue of said writ; that they "took the said plaintiff to said Chelsea at the special and urgent request of the said plaintiff, and kept and detained him, the said plaintiff, in custody by virtue of said writ, and at the special and urgent request of the plaintiff, at the barn and stable in said declaration mentioned for the cause aforesaid, and for the space of time in said declaration mentioned, as it was lawful for them to do for the reason aforesaid." The plea then alleges that the defendants, at the request of the plaintiff, placed him in charge of the keeper of the jail in Chelsea, for safe keeping, for two days; that, at his request, they then carried him a certain distance with the intention of leaving him in the common jail at Woodstock, and on his agreeing to settle the justice suit and at his request, they carried him back to Chelsea, "and therein and in that vicinity kept and detained him for the space of time in said declaration mentioned, as they lawfully might for the cause aforesaid."

The plea omitted to allege that the defendants detained the plaintiff *at his request*, during the last nine days, and also that the writ was ever returned.

*Wm. H. Bliss* and *James J. Wilson*, for the plaintiff.

The plea is bad, because it does not show a return of the writ. *Middleton* v. *Price*, 2 Stra. 1184; Bac. Ab. Trespass (B); 2

Chit. Pl. 591, n. (x) (Ed. 1819); *Briggs* v. *Mason*, 31 Vt. 441. The commitment should have been in the county where the arrest was made. *Clayton* v. *Scott*, 45 Vt. 386. To commit in any other was false imprisonment. Bac. Ab. Trespass (D); Salk. 408; 2 Chit. Pl. 585 (Ed. 1819); 5 East. 284. The unlawful detention is the gist of the action; but the plea does not justify the last nine days' detention. 3 Bl. Com. 138; Bac. Ab. *supra*.

*Geo. L. Stow*, for the defendants.

The arrest at Rochester was legal. The arrest having been made, it was competent for the parties to agree, "at the special and urgent request of the plaintiff," that he might be taken to Chelsea, and, remaining in the custody of the constable, there to await the event of his trial. It was for his own convenience. The defendants could substitute the county jail for their own custody. *In re* Miron Foot, 31 Vt. 508 ; *McMahon* v. *Edgerton*, 34 Ib. 77.

This case should be carefully distinguished from the case of *Clayton* v. *Scott*, 45 Vt. 386, on which the plaintiff doubtless relies ; for in that case there was an actual commitment to the county jail, in another county than that in which the arrest was made, while in the case at bar there is no pretence, indeed, the fact is quite the contrary, that Ellis was ever committed to Chelsea jail in the technical sense of the term, otherwise than that he was entrusted to the keeper of the county jail for safe keeping.

The opinion of the court was delivered by

ROWELL, J. False imprisonment consists in restraining the liberty of the person without sufficient authority. 3 Bl. Com. 27. But if one consent to be restrained of his liberty, restraint accordingly is not false imprisonment, for the consent doth afford sufficient authority. The original arrest was lawful. Upon such arrest it became and was the duty of the officer, under the statute, to commit the plaintiff, if he committed him at all, to jail in Windsor County, the county in which the arrest was made ; and it was the right of the plaintiff to be there committed. But he could waive that right. The duty thus imposed upon an officer is not so imperative that the performance thereof, as between him

and the person arrested, cannot be waived so as to bind such person. The plaintiff asked and obtained the indulgence of being taken to Chelsea and there detained. He cannot, therefore, now be heard to complain of the very acts that were done at his request, and which, but for his request, would not have been done at all. *Volenti non fit injuria.*

If an officer to whom returnable process is directed would justify under it, he must show its return, else he is a trespasser *ab initio;* for he is commanded to return the writ, and he shall not be protected by it unless he shows that he has paid due and full obedience to its command. *Freeman* v. *Blewitt,* 1 Salk. 409; *Middleton* v. *Price,* 2 Stra. [1184]; s. c. 1 Wils. 17; Bac. Ab. Trespass (B); *Briggs* v. *Mason,* 31 Vt. 433, 441. But it is otherwise with the officer's servant, for he hath no means to enforce the officer to make return; it would be unreasonable, therefore, to punish him by reason of the non-performance of a thing over which he had no control. *Girling's Case,* Cro. Car. 446; Bac. Ab. Trespass (B); *Freeman* v. *Blewitt, supra.* But the plea in this case being ill as to Perigo, for that it does not allege a return of the writ, and so discloses no justification of the original arrest, is ill as to Cleveland also; for it is a well-settled rule of pleading, that if two or more join in a defence that is a sufficient justification as to one, but no justification as to the others, the plea is ill as to all; for the court cannot sever it, and say that some are guilty and some are not, when they all put themselves on the same ground. 1 Saund. 227, & n. (2); *Duffield* v. *Scott,* 3 Term, 376, 377; Gould Pl. 360.

A plea in bar that professes to answer the whole declaration or count, but answers only a part thereof, is bad as to the whole. 1 Saund. 28, n. (3); Gould Pl. 358; *Goodrich* v. *Judevine,* 40 Vt. 190. This plea professes to answer the whole declaration, but omits to justify the nine days' detention following the 31st of May, in that it does not allege that such detention was at plaintiff's request or by his consent. It is, therefore, ill.

Judgment reversed, demurrer sustained, the second plea adjudged insufficient, and the cause remanded, with leave to defendants to replead on the usual terms.