LOUIS MAZZOLINI *v.* CHARLES C. GIFFORD.

May Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 9, 1916.

*False Arrest—Arrest Without Warrant—Justification—Evidence—Exemplary Damages.*

A police officer, with the powers of a constable has no authority to arrest without a warrant for the misdemeanor of exercising business or employment on Sunday, under P. S. 5955.

In an action to recover damages against an officer for arresting the plaintiff, without warrant, for the misdemeanor of exercising business on Sunday, under P. S. 5955, evidence tending to show that the arrest was made to prevent further exercise of business is ad-

missible on the question of exemplary damages, but not as a matter of justification.

An officer who arrests one without warrant for doing on Sunday work, not of necessity or charity, under P. S. 5955, can not justify on the ground that his purpose in the arrest was to prevent the doing of further work or business not permitted by the Sunday law.

Where, in an action to recover damages against an officer for arresting plaintiff without a warrant, the defendant pleaded in justification that the arrest was made for the misdemeanor of doing on Sunday work not of necessity or charity, under P. S. 5955, it was not error to exclude evidence that the circumstances were such that the arrest might have been made for breach of the peace, and that defendant complained of plaintiff for resisting an officer.

Where, in such a case, a motion to direct a verdict for the plaintiff is granted on the ground that there is no evidence tending to show that the defendant had authority to make the arrest as the evidence showed he did, and evidence of a breach of the peace on the part of the plaintiff had been excluded and none was called to the attention of the court, it is too late for counsel, in Supreme Court, to search the transcript for the purpose of putting the court in error by finding some words of testimony unobjected to from which it can be claimed that there was evidence tending to show a breach of the peace.

Where there is no evidence upon which the jury can award exemplary damages, the Supreme Court will eliminate from the judgment the amount of such damages, as indicated by the answer of the jury to a special interrogatory in that regard, and, no other error being found, will affirm the judgment as to the balance.

ACTION for false arrest and imprisonment. Plea, the general issue with notice of special matter in defence; among other things, that the defendant, who was a police officer, with the powers of a constable, "pursuant to his legal duty, on seeing said Mazzolini engaged in the unlawful sale of goods and fruit on Sunday after warning him not to do so, did arrest said Mazzolini for misdemeanor in the sale of said fruit and did him take to the public lockup in Randolph village." An amendment to the notice of defence, filed during trial, stated that "to prevent further violation of the law in the respects above mentioned and on account of the crimes then and there being committed by the plaintiff, the defendant arrested the plaintiff, etc."

23

Trial by jury at the June Term, 1915, Orange County, *Slack,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*March M. Wilson* and *Stanley C. Wilson* for the defendant.

*Elwin L. Scott, R. A. Hoar* and *Alland G. Fay* for the plaintiff.

HASELTON, J. This is an action for false arrest and imprisonment. Trial was by jury. The court directed a verdict for the plaintiff and left the matter of damages to the jury. The defendant brings a bill of exceptions.

The plaintiff committed the misdemeanor of selling some fruit on Sunday, July 5, 1914. P. S. 5955. Thereupon the defendant, a police officer with the powers of a constable, arrested the plaintiff and committed him to the village lockup in Randolph without a warrant.

But the officer had no authority to arrest for this misdemeanor without a warrant. If the Legislature cares to confer such power it can, as it has done in the matter of some misdemeanors, but it has not chosen to do so in respect to violations of the Sunday law.

The notice of defence as originally filed undertook to justify by setting out that Mazzolini was arrested "for his misdemeanor in the sale of fruit" on the Sunday in question.

At the close of the plaintiff's evidence the defendant moved for a verdict in his favor on the ground that it appeared from the plaintiff's case that the plaintiff was arrested while in the act of doing unnecessary business on Sunday, and that so it was the duty of the officer to make the arrest as he did.

This motion was properly overruled. Thereupon the defendant moved to amend his notice of defence. This motion was granted to the extent of permitting the defendant to include in his notice the statement "that what was done was done to prevent a further sale of fruit and a further violation of the Sunday law in that way."

The defendant then proceeded with his testimony and introduced the testimony of witnesses Gaylord, Howe, and Green, tending to show that the arrest was made to prevent further sales of fruit. The court admitted the evidence on the question

of exemplary damages but refused to receive it as matter of justification.

To this refusal the defendant excepted. But the court was clearly right.

An officer who arrests one without warrant for doing on Sunday some work, not of necessity or charity, can not justify on the ground that his purpose in the arrest was to prevent some further work or business not permitted by the Sunday law.

After the court had made its position clear by the rulings above referred to, the defendant offered to show that the circumstances were such that he might have arrested the plaintiff for a breach of the peace, admitting at the same time that the arrest was for a violation of the Sunday law.

The defendant also offered to show that he complained of the plaintiff for resisting an officer, although the prosecuting officer proceeded against the plaintiff under the Sunday law. Evidence under these offers was excluded.

The offers were not within a fair interpretation of the pleadings nor of any claim on the part of the defendant made before the ruling of the court that a violation of the Sunday law did not justify an arrest without warrant. When the above offers were made it was entirely proper for the court to confine the evidence to the issues under which the case had up to that time proceeded.

At the close of all the evidence the defendant moved for a verdict in his favor upon the ground that the plaintiff was arrested in the act of violating the Sunday law, and that it was the lawful duty of the officer to so arrest the plaintiff; and upon the further ground that it appeared by the plaintiff's evidence introduced since the close of his opening case, and by the evidence of the defendant, that the plaintiff was disturbing the peace when the arrest was made, and that no matter what the reason for the arrest was, if the arrest was lawful it was justified. The motion was overruled and the defendant excepted.

The first ground of the motion has already been considered. As to the second ground it is enough to say that the assumption in the motion that the plaintiff's own evidence showed a breach of the peace on his part is not sustained by the transcript which is referred to.

Thereupon the plaintiff moved that a verdict be directed in his favor, and that the question of damages alone be left to the

jury. The motion was granted on the ground that there was no evidence tending to show that the defendant had any authority to make the arrest as the evidence showed he did. The defendant excepted.

The defendant now says that there was evidence in the case tending to show that the plaintiff participated in a disturbance of the peace, and that this evidence was in without objection and should therefore have been submitted to the jury.

The rulings of the court throughout show that it intended to exclude evidence of a breach of the peace.

When this motion was argued the presiding judge said ''I don't understand that there has been any evidence as to a breach of the peace.'' The defendant's counsel replied ''The court will remember that we tried to get some in and the court wouldn't admit it,'' ''That's very true'' added the court, ''but you are arguing the motion on the evidence in and not what you offered.''

No evidence of a breach of the peace was called to the attention of the court. It is now too late for counsel to search the transcript for the purpose of putting the court in error by finding some words of testimony unobjected to from which it can be claimed that there was evidence tending to show a breach of the peace.

The defendant excepted to the failure of the court to comply with certain requests to charge presented to it.

They, however, related to the question of liability which was taken from the jury, and the subject matter of such requests has already been sufficiently considered.

The plaintiff's evidence tended to show that he was ill for some time in consequence of the defendant's wrongdoing. The court in the first instance told the jury, among other things, that if they found this claim to be true they might allow the plaintiff for loss of time.

The defendant excepted to the charge on this subject on the ground that there was no evidence tending to show the value of the plaintiff's time. Counsel agreed that this claim was correct, and thereupon the court told the jury how the matter stood, and that they could not consider loss of time as a separate and distinct element of damages, that there was no basis on which the plaintiff could recover for that item standing by itself.

Obviously, if, as the plaintiff's evidence tended to show, he underwent sickness and suffering in consequence of the wrong of the defendant, the duration of it all was an element to be considered. The idea of the court in its modified charge could not well be misunderstood. Moreover, to the charge of the court as modified the defendant took no exception, and, therefore, the charge in respect to the matter of time is not subject to review.

In the course of argument for the plaintiff, counsel in his behalf entered upon an argument to the effect that the plaintiff had been discriminated against because stores in Randolph, other than that of the plaintiff, had been allowed to remain open and do business on Sunday. Counsel for the defendant objected and took an exception.

The court said that it didn't have in mind that there was any evidence that other stores kept open, merely that there was talk about the matter between the parties.

Plaintiff's counsel said "well we will call it that that's all there was of it—there was talk of it there before the arrest or at that time."

The defendant's counsel again took an exception, and the plaintiff's counsel withdrew any statement as to the matter other than that last made by him.

The court said that the statement about other stores being kept open on Sunday might be withdrawn, expressing the understanding that there was no "direct evidence" of the fact, and adding, "the court permitted the conversation of these parties to come in here but you will consider the case in that way."

Counsel for the plaintiff then said that it · didn't really make any difference, except on the question of exemplary damages, whether or not there were other stores open. Nothing further was said by the court.

The jury assessed the plaintiff's damages at six hundred and fifty dollars ($650), and it appeared, by an answer of the jury to a special interrogatory, that of the damages assessed by them one hundred dollars was assessed as exemplary damages.

We think that to the extent of the exemplary damages the verdict was vitiated. There was not only no "direct evidence" that other stores were kept open, but there was no evidence of such fact. Offers to show such fact were excluded.

There was nothing in that respect to be considered in any way, and the matter was so left that the jury probably, and it may be said apparently, acted upon the theory that there was indirect evidence of discrimination against the plaintiff proper to be considered on the question of exemplary damages. However, we do not send the case back for another trial upon the question of damages.

In consequence of the error which intervened in the matter of exemplary damages, we eliminate the amount of such damages from the judgment.

*The judgment for damages as so modified is for the plaintiff to recover five hundred and fifty dollars ($550) and, the judgment as so modified is affirmed.*