## John A. Covell v. Daniel J. McCarthy

[194 A.2d 394]

May Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed October 1, 1963

*O'Neill, Delany & Valente* for the plaintiff.

*Bloomer & Bloomer* for the defendant.

**Smith, J.** The plaintiff, John A. Covell, of Chittenden, Vermont, brought an action in tort based on a charge of false imprisonment against the defendant, Daniel J. McCarthy, a Rutland City police officer, in the Rutland County Court. A jury trial in December 1961 resulted in a verdict and judgment for the defendant. Plaintiff has brought his appeal here on claimed error on the part of the lower court in refusing to direct a verdict for the plaintiff on the question of liability, and upon claimed errors in the charge of the court below.

In passing upon plaintiff's motion for a directed verdict, the evidence must be taken in the light most favorable to the defendant and the effect of modifying evidence is to be excluded. Contradictions and modifying evidence are for the jury to resolve. If there is any substantial evidence fairly and reasonably tending to support the defendant's claim, the question is for the jury. *Austin* v. *Bundy*, 122 Vt. 111, 112, 165 A.2d 236; *Benoit* v. *Marvin*, 120 Vt. 201, 203, 138 A.2d 312.

Viewed in this light the evidence disclosed the following factual situation. The defendant is a police officer of the City of Rutland. He had known the plaintiff prior to July 11, 1960, the date of the incident upon which this action was brought, and was aware that the plaintiff had been three times previously convicted of driving while his license was under suspension. The defendant also knew that the plaintiff's license to operate a motor vehicle had been suspended for a period of two years on August 5, 1958 by the Commissioner of Motor Vehicles. A short time before the incident of July 11, 1960, the defendant had been informed by an officer of the State Motor Vehicle

Department that the plaintiff was operating a motor vehicle during the time that his license was suspended. Unknown to the defendant was the fact that the plaintiff's license to operate a motor vehicle had been reinstated on July 5, 1960.

On July 11, 1960 the defendant saw the plaintiff driving by the police station in Rutland in a truck. He proceeded to follow him in a police patrol car. The defendant turned on his siren and flashed the red signal light on top of the police car. The plaintiff stopped his truck on the side of the road and the defendant pulled in behind him with the patrol car, stopped, and getting out of the patrol car went over to the truck of the plaintiff.

Because of its importance upon the question of whether or not an arrest and imprisonment was made by the defendant of the plaintiff, we now quote defendant's testimony upon the action then taken:

Q. What was the first thing you said to the plaintiff when you approached his truck?

A. I asked him if he would come to the police station with me.

Q. What did he say?

A. He said "yes."

In response to further questions by the attorney for the plaintiff, the defendant repeated the same testimony a short time later in the same examination. Defendant also denied that he opened the door of the truck driven by the plaintiff or that he "dragged" him from the truck.

While a quite different account of this event was given by the plaintiff, the testimony above quoted is that most favorable to the defendant, with modifying evidence excluded.

Both parties proceeded to the police station in the police car.

Upon arrival at the police station, the defendant entered the station, and was followed by the plaintiff. While the admitted purpose of the defendant in requesting the plaintiff to go to the police station with him was to check with state police authorities in Montpelier on the status of the plaintiff's operator's license, the subject was not mentioned by the defendant, nor did the plaintiff disclose that he had a driver's license.

In the police station, the defendant accompanied the plaintiff to a back room and left him there during the time the defendant was making

telephone and radio contact with Montpelier relative to the plaintiff's license to drive. After a few moments, the plaintiff was joined in the back room by his father, who had been a passenger in the truck driven by him. There was no police officer in this back room and the doors were unlocked, including one which led directly outside of the building.

When the defendant found out that the driving license of the plaintiff had been reinstated on July 5, 1960, he informed the plaintiff that he could go. No contention is made that the defendant had a warrant for the arrest of the plaintiff at the time of this incident, and it is conceded that the offense of driving while a license to operate a motor vehicle is suspended is a misdemeanor and not a felony.

The plaintiff asserts that the factual situation, taken in the light most favorable to the defendant, established the elements necessary to show a false imprisonment of the plaintiff, and that only the question of damages should have been left to the jury by the court below. It is plaintiff's contention that the factual situation established that the defendant was a peace officer, and that he had no warrant for the arrest of the plaintiff, although one was required for an arrest because the suspected offense was a misdemeanor, and not a felony. Plaintiff further contends that plaintiff submitted to an asserted legal authority on the part of the plaintiff and was therefore detained or confined as a matter of law. We are inclined to agree with the plaintiff that the one element that the jury might be required to determine under the factual situation here presented is whether the plaintiff submitted to an asserted legal authority and was therefore detained. As authority for his claim that there was such an asserted legal authority on the part of the defendant, and a submission thereto on the part of the plaintiff, the plaintiff has cited to us *Goodell* v. *Tower,* 77 Vt. 61, 65, 58 Atl. 790, 107 Am. St. Rep. 745.

The Goodell case, however, presented a set of facts to this Court quite different from those here presented. In that case the defendant, a humane society officer, read a purported warrant to the plaintiff and told the plaintiff he would have to go with him, to which order the plaintiff submitted. But the Court found that the warrant upon which the arrest was made was defective, it having been issued by a justice of the peace who had no jurisdiction of the subject matter and hence no authority to issue the warrant. The Court said:

"The action of the officer constituted a false imprisonment of the plaintiff. It was not necessary that he should lay his hands

upon him; it was sufficient that the plaintiff was within his power and submitted to the arrest."

The case of *Mazzolini* v. *Gifford*, 90 Vt. 352, 98 Atl. 904, also cited to us by the plaintiff, concerned a plaintiff, arrested by the defendant constable, without a warrant, for a misdemeanor and committed to the village lockup. This Court sustained a verdict for the plaintiff upon the ground that the defendant officer had no right to make an arrest for a misdemeanor without a warrant.

The essential difference between the Goodell and Mazzolini cases and the one now before us is in the matter of an arrest. The undisputed evidence in both previous cases was that an arrest had been made by the defendant of the plaintiff. In the instant case, however, the evidence is conflicting upon that point.

Under the evidence in the instant case several factual questions were presented which had to be determined in order to decide if there had been a taking or keeping of the plaintiff in custody by the defendant which would constitute an arrest. One was whether the plaintiff submitted to asserted legal authority on the part of the defendant in going to the police station, or if such visit to the police station was a voluntary one, in response to a request of the defendant, made without assertion of legal authority. Another was on the matter of plaintiff's remaining at the police station during the time that a check was made on his license directed to the question of whether such stay at the station was under a restraint or a voluntary act on the part of the plaintiff in so remaining.

It having appeared that the evidence on these questions was conflicting and that they were questions of fact, they were for the determination of the jury. It follows that the trial court was not in error in denying the motion of the plaintiff for a verdict in his favor on the question of liability, for liability depended upon the determination by the jury of the factual situation.

The plaintiff has also seen fit to brief the question of whether 23 V.S.A. §1601, allowing law enforcement officials to stop vehicles to inspect licenses, is authority to arrest without a warrant or authority to take a person to a police station on suspicion of driving with a suspended license. This was done, apparently, because of the defendant's exception to the lower court's refusal to charge affirmatively upon this question below. But the defendant has brought no appeal

here upon such exception below, and the matter need not be considered by us.

The plaintiff has briefed an exception to the lower court's refusal to charge in accordance with No. 7 of his requests to charge. Such request was in the following language:

"The defendant has denied that he laid his hand upon the plaintiff. I charge you that it was not necessary that he lay his hands upon him. It is sufficient that the plaintiff was in his power and submitted to the arrest. Every restraint upon a man's liberty is, in the eyes of the law, an imprisonment, whatever may be the manner in which the restraint is effected."

In his brief, plaintiff admits that the charge of the court sufficiently charged the first part of plaintiff's request, but that the court failed to correctly charge that "every restraint upon a man's liberty, wherever may be the place, or whatever may be the manner in which the restraint is effected."

The charge of the lower court, relative to restraint, is quoted below:

"I would say that, to constitute a restraint an actual confinement is not necessary. The test of a restraint is any intentional conduct chargeable to the defendant that results in the placing of a person in a position where the person cannot exercise his will in going where he may lawfully go . . . and such detention may be effectuated in a number of ways, by the employment of actual force, by threats, by causing of the plaintiff to submit to reasonably apparent force or having the plaintiff submit to apparent legal authority. To constitute a detention, there need be no actual arrest or formal declaration of an arrest, nor is there any need for the person detaining someone else that that person have any real or pretended authority for taking another person into custody or detaining another person. Mere voluntarily going into custody on the part of the plaintiff is not sufficient, however, to constitute a detention.

■■ The court may select its own language for instructions and the extent of elaboration of points is within the discretion of the court. *Mattison* v. *Smalley,* 122 Vt. 113, 120, 165 A.2d 343. Plaintiff's request No. 7 was substantially complied with, and in greater

detail and with possibly more force, than in the wording of the requested instruction. While plaintiff objects to the inclusion in the charge of the sentence, mere voluntarily going into custody on the part of the plaintiff is not sufficient to constitute a detention; this is our law as laid down in *Ellis* v. *Cleveland,* 54 Vt. 437, 439. It appears that plaintiff may have confused voluntarily going into custody with a submission to arrest which is quite a different thing. Plaintiff takes nothing by this exception.

Plaintiff has also excepted to the failure of the lower court to charge in compliance with his request No. 8, in substance, asking the court to charge that the fact that plaintiff may have previously committed offenses against the law did not enlarge the defendant's authority to arrest him.

This request did not cover any essential point in the case presented. While it is the duty of the court to charge on every essential issue, it is not bound to make every conceivable comment on the evidence. *Gould* v. *Gould,* 110 Vt. 324, 330, 6 A.2d 24. No error is found in the trial court's refusal to comply with this request.

*The entry is "Judgment Affirmed."*