### Edward H. Ballou v. Hubert Stebbins and Robert Dunbar

[ 207 A.2d 234 ]

December Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith, JJ. and O'Brien, Supr. J.

Opinion Filed February 2, 1965

*Black and Plante* for plaintiff.

*Alfred Guarino* and *Bernard R. Dick,* on the brief, for defendant Stebbins.

**Smith, J.** This is an action of tort to recover for the loss of two race horses killed in an automobile accident in the State of Connecticut.

July trial in the Windsor County Court resulted in verdict and judgment for the defendant Stebbins, and a plaintiff's verdict against defendant Dunbar directed by the court because of his non-appearance in the case. Plaintiff Ballou has appealed here from the judgment below for defendant Stebbins, as well as from certain exceptions taken to the lower court's instructions to the jury.

The exceptions of the plaintiff numbered I, III and IV are to the verdict below. All of them have to do with plaintiff's argument that the evidence in the trial below should have brought about a determination of facts resulting in a plaintiff's verdict.

The jury was the trier of facts and was the final arbiter of the facts before it. *State* v. *Brown,* 122 Vt. 59, 62, 163 A.2d 845. Further, the points sought to be raised here were not called to the attention of the court below which plaintiff might have done by a motion for a verdict directed in his favor, a motion to set aside the verdict and enter judgment in his favor notwithstanding the verdict, or a motion to set aside the verdict and grant a new trial. They cannot be raised here. *Verchereau* v. *Jameson,* 122 Vt. 189, 193, 167 A.2d 521.

The only exception, therefore, for our consideration here is that briefed in plaintiff's No. II which is as to the charge of the court below on the test of master and servant relationship as to third persons.

A consideration of the question presented · necessitates as brief a summary of the evidence presented below as is possible considering the rather involved factual situation.

Plaintiff Ballou, and defendant Stebbins, race-horse owners, were together attending a horse sale being held at the Yonkers Raceway in Yonkers, N. Y. Both bought horses at the sale and Stebbins called his wife at Bradford, Vt., to notify one Battis, a driver and trainer of race horses for Stebbins and others, to bring Stebbins' horse van to Yonkers to transport his newly bought horses to Vermont. ·

Mrs. Stebbins, unable to contact Battis, left word with defendant Dunbar to convey Mr. Stebbins' request to Battis. Dunbar was one of the employees of Battis, hired and paid by Battis, to assist in the care of the horses in Battis' care. Both Battis and Dunbar were then at the Suffolk Race Track in Massachusetts. The horse van owned by Stebbins was non-operable at the time that Battis received Stebbins' message to send it to Yonkers. However, Dunbar, on his own initiative, borrowed a horse van from a Mr. Ellis and started for Yonkers,

although forbidden to make such a trip by his employer, Battis. He arrived at Yonkers without incident except for the surprise of Mr. Stebbins at seeing him with the Ellis horse van.

Upon the night of his arrival at Yonkers, Dunbar stayed in the same motel room with both Ballou and Stebbbins. The next morning all of them participated in loading the horses on the vans. The horses of defendant Stebbins were loaded upon a van driven by a Mr. Stone. The horses of plaintiff Ballou were loaded on the Ellis van, driven by defendant Dunbar. Later in the day, the van driven by Dunbar was involved in an accident that resulted in the loss of Ballou's horses.

It was plaintiff Ballou's contention that Dunbar was the servant of Stebbins, by reason of an agreement between Ballou and Stebbins. This agreement, according to the evidence, presented by Ballou, was that by direction of Stebbins, Dunbar would transport Ballou's horses in the van driven by him to their destination while Ballou on his part would pay Stone for transporting Stebbins' horses. The evidence of defendant Stebbins was to the contrary, that no such agreement was made. Dunbar, although he entered no appearance as a defendant in the case, was called as witness. His testimony was to the effect that he didn't know who told him to transport plaintiff Ballou's horses on the Ellis van driven by him. Admittedly, the question of whether a master and servant relationship existed between Stebbins and Dunbar, so as to make Stebbins liable for the negligent act of Dunbar, was a question of fact for the jury.

The lower court, after charging that the burden of proof was on the plaintiff to establish the master and servant relationship between Stebbins and Dunbar at the time of the accident, gave the following instructions:

"In this connection to constitute the relation of master and servant as to third persons, it is not necessary that an expressed contract exist between Stebbins and Dunbar. The test is whether Dunbar was acting for Mr. Stebbins in doing what he was doing with knowledge of Mr. Stebbins, with his assent and by his direction, either expressed or implied. A further test in determining who was the master of an offending servant is who has the right to control the offending servant in the performance of his work or duties at the time in question. Was Mr. Dunbar under the direction and control of Mr. Stebbins at the time and place in question?"

The exceptions taken to the charge below were "that the court neglected to charge the fact that the real test as to third persons is whether the act is done by one for another, however trivial, with the knowledge of the person sought to be charged as master with his assent expressed or implied even though there was no request on his part to the other to do the act in question."

Instructions to the jury are to be measured by their full context. "If, as a whole, it breathes the true spirit and doctrine of the law and there is no fair ground to say that the jury has been misled by it, it ought to stand." *State* v. *Coburn,* 122 Vt. 102, 110, 165 A.2d 349; *Laferriere* v. *Saliba,* 119 Vt. 25, 117 A.2d 380. The court may select its own language for instructions and the extent of elaboration of points is within the discretion of the court. *Covell* v. *McCarthy,* 123 Vt. 472, 194 A.2d 394; *Mattison* v. *Smalley,* 122 Vt. 113, 165 A.2d 343.

The court, in its charge, made it clear that it was not necessary for the plaintiff to prove an express contract between Stebbins and Dunbar to establish a master and servant relationship between them. Such relationship could arise, instructed the court, if Dunbar was acting for Stebbins in such a relationship, with the knowledge of Stebbbins and with his assent, either expressed or implied.

The court did not use the language of *Young* v. *Lamson,* 121 Vt. 474, 477, 160 A.2d 873, that a relationship of master and servant can be constituted as to third persons even though on the part of the one sought to be charged as master "there was no request on his part to the other to do the act in question," as the plaintiff asserts.

If such instruction was necessary in the present case, which we doubt, considering the theory upon which it was tried, we think the court's instruction that the "direction" which could be given by Stebbbins to Dunbar to create a master and servant relationship could be "implied" instructed them sufficiently that such relationship can be created as to third parties without an actual request from master to servant.

From our review of the whole charge as given we find no fair ground upon which we can say the jury was misled by it.

The entry is *"Judgment Affirmed."*