**K. Roland CLARK, Plaintiff, Appellant,**

v.

**William M. BIRD, Jr., Defendant, Appellee.**

**No. 6635.**

United States Court of Appeals First Circuit.

Heard Jan. 3, 1966.

Decided Jan. 14, 1966.

Aram K. Berberian, Providence, R. I., for appellant.

Vincent A. Ragosta, Asst. City Sol. for City of Providence, William Milton Bird, Jr., with whom William E. McCabe, City Sol. for City of Providence, was on brief, for appellee.

Before ALDRICH, Chief Judge, COFFIN, Circuit Judge, and FORD, District Judge.

ALDRICH, Chief Judge.

Plaintiff-appellant sued the defendant, a Providence policeman, in the District Court for the District of Rhode Island under the Civil Rights Act, 42 U.S.C. § 1983, for false arrest under the Rhode Island detention statute. R.I.Gen.Laws 12–7–1. In this court the defendant asserts that he acted within the statute, that the statute is constitutional—which plaintiff contests—and that, at most, if defendant acted without the exact terms of the statute, he was merely negligent and plaintiff has no claim within the Act. We reach none of these questions. The district court, in dismissing the action after trial without jury, found, *inter alia,* that the arrest was deliberately brought about, "staged," by the plaintiff. We affirm on that ground.

Briefly, the facts are these. In the early afternoon of January 23, 1962, a complement of Providence police officers was engaged in having publicity pictures taken in Roger Williams Park. An unidentified man approached the defendant officer, stating that a person unsuitably dressed for the very cold weather, blue levis, T-shirt and hatless, had abandoned an automobile in the park. Shortly afterwards the defendant saw the plaintiff, dressed precisely as described. The plaintiff was walking, but when he came close to the defendant he turned and ran.

The defendant pursued him in a police car. When overtaken, the plaintiff stopped, but refused to give his name and address or answer any questions. He informed the defendant that his refusal was on advice of counsel. The defendant "frisked" him for weapons, and found a wallet, containing no identifying papers. The defendant thereupon had the plaintiff taken to the police station. There he was identified and subsequently released without being booked. No force was used at any time.

At the trial, the plaintiff testified that in January 1962 he was unemployed; that he had no automobile, and did not drive one; that he had removed identifying papers from his wallet because he had been arrested before and felt it was no business of the police; that he presently had eight suits pending against various Cranston and Providence police officers; and that he did not know the defendant. The defendant, in turn, testified that he did not know the plaintiff.

We note the conceded ignorance of plaintiff's identity because of its bearing on a possible question of plaintiff's being arrested as a campaign of police persecution. The campaign seems quite the other way. From the stranger's inexplicable false story about the car to the plaintiff's singular conduct before and after his arrest, the inference that he had deliberately staged the arrest was amply warranted.

The plaintiff has no cause of action. He cannot complain that he was confined against his will, when it was his will that he be confined. Even if the defendant acted beyond the statute, or if the statute were unconstitutional, the plaintiff cannot recover. This is not a case where the plaintiff might colloquially be said to have "asked for it" simply because he engaged in conduct he could reasonably expect would incur police attention, but a case where his express purpose was to be arrested. *Volenti non fit injuria.* Cf. Pierson v. Ray, 5 Cir., 1965, 352 F.2d 213; Ellis v. Cleveland, 1882, 54 Vt. 437.

In Pierson v. Ray the plaintiffs participated in certain conduct, expecting that the police might disapprove and that it would lead to their unlawful arrest. The court held that they had, in effect, consented to their arrest. On the facts, the court may very possibly have carried the principle too far, especially as there was a valid social purpose in plaintiffs' activities. In the case at bar, the court was warranted in finding not merely that the plaintiff had conducted himself as, legally, he was entitled to, but that through the unidentified informant, he took other, affirmative steps, not to exercise rights, but to mislead the police. As soon as the true situation was discovered he was discharged. Plaintiff's conduct was an imposition, both on the police and on the court.

Affirmed.