**State of Vermont v. Maxwell Guy Green**

[ 228 A.2d 792 ]

February Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 4, 1967

312

*James W. Wright,* State's Attorney, for State.

*John W. Brockway,* for respondent.

**Keyser, J.** The respondent was convicted on March 15, 1966 in Windsor County Court after trial by jury on the charge of statutory rape.

The court instructed the jury in part as follows:

"Now the law does not require that each particular incriminating fact which may aid you in determining if the accused is guilty should be proved beyond a reasonable doubt. A doubt which will justify an acquittal is not a doubt of any particular fact, but a doubt on all the evidence that he is guilty."

The respondent excepted to this portion of the charge in the following language:

"We would except to that portion of the charge wherein the Court charged that reasonable doubt did not apply to a particular fact or element but that he (sic) must find reasonable doubt as to all of the evidence, it being our understanding of the law that each and every element of fact must be proved beyond a reasonable doubt."

The respondent argues that, to convict, it is necessary for the state to prove all the material facts of its information beyond a reasonable doubt. Also, that if the jury believes any essential element of the case admits of reasonable doubt, they must give the benefit of this doubt to the respondent and render a verdict of not guilty.

■ There is no question but that in a criminal case the degree of persuasion required of a jury in order to find the respondent guilty is proof beyond a reasonable doubt. The basic law of the land places the burden upon the state to establish each essential element of the crime charged beyond a·reasonable doubt. Lacking such proof, the respondent is entitled to an acquittal. 23 C.J.S., Criminal Law, §910; 20 Am. Jur., Evidence, §§1256-1258; *State* v. *Meyer,* 58 Vt. 457, 462; *State* v. *Lizotte,* 109 Vt. 378, 387, 197 A. 396.

Just previous to the statement excepted to, the court instructed the jury what constituted the elements of the crime charged in the information, and that "the burden is upon the State to make out and

establish each of these essential elements of the crime charged against the respondent beyond a reasonable doubt." The court then went on to explain the meaning of "reasonable doubt." It also instructed the jury that "you cannot find him guilty unless from all the evidence you believe him guilty beyond a reasonable doubt."

Manifestly, the respondent takes the position that the phrases "particular incriminating fact" and "element of the crime" are synonymous and equivalent, which they are not. One does not necessarily embrace the other and generally this is so.

The jury is not required to find every particular incriminating fact beyond a reasonable doubt. But, to warrant a conviction, each fact which is necessary to the conclusion that a respondent committed the crime charged must be fully established beyond a reasonable doubt. This is true even though there may be various facts not demonstrated by this measure of proof. *State* v. *Orlandi,* 106 Vt. 165, 175, 170 A. 908.

The respondent argues it was "prejudicial error for the court has said that it is not necessary for the jury to find each essential element beyond a reasonable doubt." As we have pointed out, the court instructed the jury precisely to the contrary.

Moreover, the language used in that part of the charge excepted to here was only slightly different with that challenged in *State* v. *Anderson,* 119 Vt. 355, 367, 125 A.2d 827. There, as here, the trial court correctly charged the law as to the burden of proof upon the State. We there held: "Considering the charge in its entirety, and not piecemeal, we are satisfied, that it put before the jury a fair statement of the law."

This language of the charge on the subject of reasonable doubt was approved again in *State* v. *Goyet,* 120 Vt. 12, 65, 132 A.2d 623.

There is nothing in the charge given by the court here, which, taken as a whole, shows that the respondent was prejudiced thereby. *Ballou* v. *Stebbins,* 124 Vt. 417, 420, 207 A.2d 234; *State* v. *Coburn,* 122 Vt. 102, 110, 165 A.2d 349; *State* v. *Orlandi, supra* at pp. 175-6.

It is only when facts constitute an element of the crime itself that they must be proved beyond a reasonable doubt. The trial court should make this distinction abundantly clear to the jury in its instructions on this aspect of the case.

314

Respondent's exception is overruled.

*Judgment affirmed. Let execution be done.*