## A. L. WRIGHT v. R. D. MARVIN.

*Writ. Replevin. Service and Return. Justification. Trespasser ab initio. R. L. s. 883.*

In an action of trover for the conversion of property, an officer who has taken it by virtue of a writ of replevin, cannot justify under the process, unless he return it to the court to which it is made returnable.

TROVER for a certain mare. Trial by jury, April Term,

1886, Royce, Ch. J., presiding. Judgment on a special verdict for the defendant. The case appears in the opinion.

*C. G. Austin* and *Farrington & Post*, for the plaintiff.

This is not a new question. It has been repeatedly held that if an officer would justify under returnable process he must show its return, else he is a trespasser *ab initio*. *Freeman* v. *Blewitt*, 1 Salk. 409 ; *Middleton* v. *Price*, Stra. 1184 ; 1 Wils. 17 ; Bac. Ab. 450, 451 ; *Wilder* v. *Holden*, 24 Pick. 8 ; *Williams* v. *Babbitt*, 14 Gray, 141 ; *Russ* v. *Butterfield*, 6 Cush. 242 ; *Munroe* v. *Merrill*, 6 Gray, 238 ; *Briggs* v. *Moran*, 31 Vt. 441 ; *Ellis* v. *Cleveland*, 54 Vt. 440 ; *Eaton* v. *Cooper*, 29 Vt. 444.

An officer in the service of process must follow strictly the requirements of the law. *Lamb* v. *Day*, 8 Vt. 407 ; *Barnard* v. *Stevens*, 2 Aik. 429 ; *Evarts* v. *Burgess*, 48 Vt. 206 ; *Hall* v. *Ray*, 40 Vt. 576.

*Wilson & Hall*, *H. Burt*, and *Geo. A. Ballard*, for the defendant.

The taking of the bond was sufficient protection to the defendant in the replevin suit, and the defendant's remedy is upon the bond and not against the officer. *Driscoll* v. *Place*, 44 Vt. 258 ; *Watson* v. *Watson*, 9 Conn. 140 ; *Cannon* v. *Sipples*, 39 Conn. 505.

The plaintiff had a complete remedy upon the bond. 97 Mass. 316.

The Massachusetts statute is almost identical with ours. Mass. Gen. St., c. 143, s. 3 ; R. L., s. 1219. To the same effect is *Persse* v. *Watrous*, 30 Conn. 139 ; *Nichols* v. *Standish*, 48 Conn. 321.

One of the conditions of the bond was broken upon the plaintiff's failure to enter his replevin suit. *Persse* v. *Watrous, supra*.

A judgment of return is only necessary when the suit is

entered and disposed of by nonsuit or trial. R. L., s. 1233; *Collamer* v. *Page*, 35 Vt. 387.

At most, the failure of the defendant to return the bond to the clerk of the court was a mere nonfeasance, for which neither trespass nor trover will lie. *Stone* v. *Knapp.* 29 Vt. 503; *Pierson* v. *Gale*, 8 Vt. 509; *Hale* v. *Huntley*, 21 Vt. 147.

Trespass on the case for any mere nonfeasance of the deputy will only lie against the sheriff. *Abbott* v. *Kimball*, 19 Vt. 551; *Hale* v. *Huntley*, 21 Vt. 147.

The opinion of the court was delivered by

POWERS, J. The defendant, as deputy sheriff, seized the plaintiff's mare by virtue of a writ of replevin in favor of Pease and Arsino. He took a proper bond, delivered the mare to Pease & Arsino, and returned the writ and bond to the attorney of the plaintiff in the replevin. Neither writ nor bond was returned to the court to which the process was made returnable, but the proceedings came to an end without any settlement between the parties, or any consent thereto by the now plaintiff.

In answer to the present action the defendant attempts to justify the the taking of the mare (which, by the verdict, then belonged to the plaintiff) under the replevin process.

There is some confusion in the cases touching the proper application of the rule that a subsequent abuse of an authority given by the law will make the abuser a trespasser *ab initio*. It is often said that a mere nonfeasance will not work such result; but just what acts or omissions are properly classed as nonfeasances is not quite clear from the cases. A sheriff is protected by his process, if issued by competent authority, so long as he follows its mandate. In the execution of it he is bound to observe the commands of the law, whether expressed in the process itself or in the general law applicable to its execution.

In this case the defendant was commanded in the process to *serve* and *return* it according to law. Section 883, R. L.,

commanded him to return the process to the court to which it was made returnable. The command to serve and return is not divisible, so that the officer may return without service, or serve without return, and be *pro tanto* protected.

Unless the parties assume control of the process, the duty of the sheriff is in legal significance one single act, comprehending all the steps essential to a legal execution of the process to its final return into court. In the action of replevin this rule is peculiarly applicable, as the rights of the defendant cannot be fully preserved otherwise. If the property is wrongfully taken in replevin the defendant is entitled to a judgment for its return. Such judgment is not within his reach unless the process is returned to court; and without such judgment no damages for the non-return of the property are recoverable in an action upon the replevin bond. *Collamer* v. *Page*, 35 Vt. 387. The recovery of the property *in specie* oftentimes is the only complete satisfaction the defendant can obtain. It is no answer to say that the practice of officers, sanctioned by long usage, to return writs to the attorney of the plaintiff, was followed by the defendant. He was commanded to return his process according to law, not according to the prevailing custom. If he saw fit to disregard the law and observe the custom, he took the risk of the return by the attorney to the court.

The return to the court is an essential and vital element in defendant's justification.

In Bacon's Ab. tit. Trespass, 450, it is said : " If a sheriff have not returned a writ, which ought to have been returned, he becomes, although this be only a nonfeasance, a trespasser *ab initio* as to everything which has been done under the writ."

In Buller's Nisi Prius, 23, it is said that " whenever an officer justifies an imprisonment under a writ, he must show that the writ was returned."

To the same effect are the following : *Rowland* v. *Veale*, Cowp. 18; 1 Ld. Raymond, 632; *McPherson* v. *Pem-*

*berton*, 1 Jones, 378; Girling's Case, Cro. Car. 446; 2 Roll Ab. 563, pl. 18; *Middleton* v. *Price*, 2 Strange, 1184.

In *Ellis* v. *Cleveland*, 54 Vt. 437, on demurrer to a plea justifying an arrest upon returnable process, which omitted to set up a return of process, ROWELL, J., said: "If an officer to whom returnable process is directed would justify under it, he must show its return, else he is a trespasser *ab initio*; for he is commanded to return the writ, and he shall not be protected by it unless he shows that he has paid due and full obedience to its command." The same doctrine is recognized in *Briggs* v. *Mason*, 31 Vt. 433.

Chief Justice SHAW, in *Munroe* v. *Merrill*, 6 Gray, 238, says that if an officer would justify under legal process " it is essential to his justification that he has returned his execution with his doings by which they are made matter of record for the information and security of all parties interested"; and in *Williams* v. *Babbitt*, 14 Gray, 141, the Massachusetts court says: " The officer, by failing to return his writ, deprives himself of a defence which he might otherwise have made available." In *Russ* v. *Butterfield*, 6 Cush. 242, the same is reiterated.

It may be that courts have made an unfortunate use of language in saying that the neglect to return the process makes the officer a trespasser *ab initio*. The Massachusetts cases seem to proceed upon the ground that the justification fails for want of the return, not that the want of it by relation makes the preceding steps trespasses. In *Shorlan* v. *Govett*, 5 B. & C. 485, the King's Bench questioned the correctness of the reason given in many of the English authorities, *supra*, for the failure of the justification under the returnable process. BAGLEY, J., said: " When it is said that a sheriff is made a trespasser *ab initio* by the neglect to return a writ, the expression is inaccurate. There, for want of the return no complete justification was ever shown. The distinction is this, where there are facts alleged on the record, making out a good defence, but something added in the replication destroys that

defence, the party is made a trespasser *ab initio*. But if the sheriff seizes goods under a writ when it is his duty to make a return, he never has a justification unless he discharges that duty." And HOLROYD, J., said : " Instead of saying that the want of the return made the sheriff a trespasser *ab initio*, it would be more correct to say that the presence of the return was necessary in order to make his act lawful *ab initio*."

But whatever be the correct mode of reasoning, all the authorities agree that the failure to return the process is fatal to the justification ; and in such case it is the same thing as if the officer had no process at all. If he had no process he is plainly a trespasser.

It is unnecessary to determine the question whether the failure to return the replevin bond, standing alone, would destroy the justification.

The judgment of the County Court is reversed, and judgment is rendered upon the verdict for the plaintiff to recover one hundred and seventy-five dollars, and the interest thereon from April 1, 1883, damages and his costs.