Dehm *v.* Hinman.

---

KUNIGUNDA S. DEHM *vs.* GEORGE J. HINMAN.

Hartford Dist., Oct. T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS AND BEARDSLEY, Js.

Where an officer, in making a lawful arrest on a warrant, calls on another person to assist him, and the officer's act becomes a trespass *ab initio* by reason of his neglect to return his process, the person who assisted in the arrest does not also become a trespasser.

[Argued October 5th—decided December 5th, 1887.]

ACTION for trespass to the person; brought, by appeal from a justice of the peace, to the Court of Common Pleas of Hartford County, and tried to the court before *Cal-*

*houn*, *J.* Facts found and judgment rendered for the defendant, and appeal by the plaintiff. The case is sufficiently stated in the opinion.

*H. S. Barbour* and *J. L. Barbour*, for the appellant.

*S. P. Newell* and *J. J. Jennings*, for the appellee.

PARK, C. J. The defendant was assisting the selectmen of the town of Burlington in surveying a public highway in that town, when he was assaulted by the plaintiff and her mother and sister, to compel them to desist from the work. A constable of the town was present, having a warrant for the arrest of the mother, directed to him as constable of the town, and also as an indifferent person. The constable proceeded to make the arrest, when he was violently resisted by the three parties who had assaulted the defendant, and being unable to resist their combined attack, he called upon the defendant for assistance. He had partially handcuffed the mother before the attack was made, when she called upon the plaintiff and her sister to help her in resisting the officer.

The case finds that the defendant assisted the officer "by pushing away the girls, taking the plaintiff by the arm for that purpose, using no unnecessary violence, and doing the plaintiff no material injury," and that "the defendant immediately after was knocked down by a piece of rail used by one of the girls."

The case further finds that after the arrest was completed the officer, without the advice or consent of the defendant, let the party arrested go free, and made no return of the warrant on which the arrest was made.

The officer had been legally elected a constable of the town, had taken the oath of office, and had given a bond for the faithful performance of his duties, to the acceptance of the selectmen of the town ; but by mistake the bond was taken to the selectmen, instead of to the town. These are the principal facts.

VOL. LVI.—21

One of the claims made on the trial in the court below, and insisted upon here is, that the arrest was unlawful because the officer who made it had not been legally qualified, owing to the mistake that had been made in giving the bond. But we need not consider this question, as the warrant was directed to him as an indifferent person, as well as constable of the town, and this alone gave him the right to serve it.

It is further claimed that the officer was a trespasser *ab initio*, because he did not return his warrant, and therefore that all who assisted him in making the arrest are likewise trespassers *ab initio*, on the ground that all who aid in the commission of a trespass are principals and are equally liable.

The law undoubtedly is so, where the act done is a trespass at the time it is done. But in cases where the act is lawful at the time, but becomes unlawful, as in the case of an officer of the law, by his neglect or omission to return the process according to the mandate therein, it does not follow that those who were compelled by the law to assist the officer in the first instance, should suffer in consequence of some omission of his, long afterwards perhaps, over which they had no control.

The selectmen of the town manifestly had the right to make the survey. The act of the plaintiff was therefore unlawful in resisting them by violence. The defendant and others engaged in the survey had the right to overcome that resistance, using no unnecessary force. This is also true in regard to the opposition made by the plaintiff's mother and sister. They were all acting in concert and the act of one was the act of all. They were all committing unlawful acts in resisting the survey, and in resisting the arrest of the mother while the officer was engaged in putting handcuffs upon her. It is said that the officer had no right to do this, and therefore her resistance was lawful, together with that of the plaintiff, who merely assisted her mother at her request in resisting the unlawful acts of the officer and of the defendant who was assisting him. But we think the character of the affray as detailed by the court below fully jus-

tified the officer at the time in the use of handcuffs, and therefore there is no substance in this claim.

We think there is no error in the judgment appealed from.

In this opinion the other judges concurred.