JOHN ANDERSON vs. TRUMAN COWLES.

First Judicial District, Hartford, October Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

In order to justify acts done under a search-warrant it must have been returned to court; otherwise the acts become a trespass *ab initio*.

In an action for libel the defendant, under a general denial, may avail himself of the fact that the article complained of was a privileged communication.

To show that he had reasonable cause for making the complaint against the plaintiff upon which the search-warrant was issued, the defendant testified that he had been informed by *P* that he, *P*, was in company with the plaintiff when the latter stole the defendant's property. He offered, also, to show that other persons had lost certain articles, and that *P* had told them that he, *P*, was with the plaintiff when the latter stole such articles. *Held* that this evidence raised collateral issues and was properly rejected.

*H*, a witness for the plaintiff, testified that he asked *P* why he, *P*, had made such statements about the plaintiff to the defendant, and that *P* replied that he had made them because the defendant had offered him $10. *Held* that this testimony was inadmissible, especially in the absence of any evidence tending to show that the defendant knew of *P's* motive in making such statements.

Argued October 3d—decided October 27th, 1899.

ACTION to recover damages for maliciously causing a search-warrant to be issued under which the plaintiff's house and barns were entered and searched, brought to the Supe-

Anderson v. Cowles.

rior Court in Litchfield County and tried to the jury before *Roraback, J.;* verdict and judgment for the plaintiff for $200 damages, and appeal by the defendants for alleged errors in the rulings and charge of the court. *Error and new trial granted.*

The complaint was as follows: "1. On the 28th day of September, 1896, the defendant made, signed and published a paper writing, concerning the plaintiff, of which Exhibit A * hereto annexed is a copy. 2. On said day the defendant exhibited said paper writing to Henry T. Dayton of Watertown, Conn., by whom the same was read, and requested said Dayton to issue a search-warrant thereon to search the dwelling-house, and buildings or barns of the plaintiff, and to arrest the body of the plaintiff. 3. On said day the defendant made oath, before said Dayton, to the truth of the allegations in said paper writing contained. 4. On said day in compliance with said request said Dayton made, issued and signed a certificate of said oath, and another paper writing,

---

*\*Exhibit A.*

To Frank Stockman of Bethlehem, justice of the peace for Litchfield county, comes Truman Cowles of Hartford, Hartford county, State of Connecticut, and complains as well as in the name of the State of Connecticut, as in his own name, that one John Anderson of Bethlehem in said county, between July 1st, 1894, and September 28, 1896, at said Bethlehem, one set of wagon tires about 2 1-2 inches wide, one wagon pole (strengthened with iron underneath), 1 set moving-machine whiffletrees, 2 hay forks, 3 or 4 chains, also a lot of yellow corn in the ear, of the proper goods of the said Truman Cowles and of the value of seventy-five dollars, then and there being, with force and arms feloniously did steal, take and carry away from and out of the possession of the said complainant, who further complains and informs that he has good grounds to suspect, and doth suspect that the said John Anderson hath feloniously secreted and concealed said stolen goods in his dwelling-house and other outbuildings and barns in said Bethlehem, and that said goods are now so feloniously concealed and secreted by the said John Anderson in his dwelling-house, outbuildings and barns, against the peace and contrary to the statute in such case provided, and to the damage of the complainant the sum of seventy-five dollars. And the complainant prays that process may issue to search for said stolen goods, and to arrest the said John Anderson, that he may be examined and dealt with according to law.

a copy of which is hereto annexed and marked Exhibit C *.
5. On said day said paper writing signed by the defendant,
and said certificate of oath and said other paper writing
signed by said Dayton, being all on the same paper, were, by
the defendant, exhibited and shown to one Henry G. Scott of
said Watertown and to one Frank O. Peck of said Watertown,
who read the same.  6. The defendant, on said day, placed
said entire paper, with the words shown in said exhibits, in
the hands of said Scott, and requested said Scott and said
Peck to proceed with him to search the dwelling-house, build-
ings and barns of the plaintiff situated in the town of Beth-
lehem.  7. In pursuance of said request on said day the
defendant, with said Scott and said Peck, proceeded to the
premises of the plaintiff in the town of Bethlehem, and said
Scott did then and there in the presence of the plaintiff, the
defendant and said Peck, read the words contained in said
exhibits, and the defendant, with said Scott and said Peck,
did then and there, with force and arms, unlawfully and
against the wish of the plaintiff, enter upon and search the
dwelling-house, buildings and barns of the plaintiff.  8. The
plaintiff was then unwell and said search did greatly disturb
his mind and body, and his sickness was thereby increased
and augmented.  9. The words described in paragraph 1 of
this complaint, concerning the plaintiff, were false.  10. The
acts of the defendant described in paragraphs 1–7 of this com-

---

*Exhibit C.*

Whereas the foregoing complaint hath been made to me, and the
said complainant hath made oath to the truth of the same: These are
therefore, by Authority of the State of Connecticut, to command you
forthwith to proceed with the said Truman Cowles, taking assistance
if necessary, and to enter into the dwelling-house, outbuildings or
barns of the said John Anderson, described in said complaint, and
diligently make search therein for the stolen goods mentioned in said
complaint, and if found, to seize the same and forthwith bring the
same before me or some other justice of the peace of the county of
Litchfield.  And you are also commanded to arrest the body of the
said John Anderson, if he can be found within your precincts, and him
forthwith have before the same justice of the peace, that he may be
examined, touching the matters contained in said complaint, and dealt
with according to law. . . . Henry T. Dayton, Justice of the Peace.

plaint were malicious. 11. There was no reasonable or probable cause for said acts of the defendant. The plaintiff claims $5,000 damages."

The answer was the general issue. The cause was tried to the jury who returned a verdict for the plaintiff, and the defendant appealed to this court.

*Arthur L. Shipman*, for the appellant (defendant).

*Charles G. Root*, for the appellee (plaintiff).

ANDREWS, C. J. The court charged the jury that the warrant, which was made a part of the complaint, did not furnish any justification for the acts complained of. This was correct. The warrant had never been returned. The officer omitted to return it by the direction of the defendant. For this reason the acts done became a trespass *ab initio*. *Dehm* v. *Hinman*, 56 Conn. 320, 322; *Williams* v. *Ives*, 25 id. 568; *Pratt* v. *Pond*, 45 id. 386; *Toby* v. *Reed*, 9 id. 216; *Wright* v. *Marvin*, 59 Vt. 437; *Monroe* v. *Merrill*, 6 Gray, 238; Buller's Nisi Prius, 23. "If a sheriff have not returned a writ which ought to have been returned, he becomes, although this be only a nonfeasance, a trespasser *ab initio*, as to everything which has been done under the writ." 6 Bacon's Abridgment, *Trespass, B.*

The warrant being void for this reason, there is no occasion to discuss whether or not it was void for the reason that it was not signed by the justice to whom the complaint was made.

The complaint alleged that the libelous writing had been published to Henry G. Scott and Frank O. Peck, citizens of Watertown. On the trial it appeared that Scott was a deputy-sheriff and Peck a constable, and that they had the warrant for service. Thereupon the defendant claimed and asked the court to rule that as to these persons the complaint and warrant was a privileged communication. The court refused so to rule, on the ground that the defendant could not avail himself of a privileged communication, as it was

not pleaded. This was error. *Atwater* v. *Morning News Co.*, 67 Conn. 504, 510.

For the purpose of showing that he had reasonable cause for making the complaint, the defendant testified that before he made it he had been told by one Patterson that he, Patterson, was in company with Anderson when Anderson stole the things named in the complaint. He then sought to show by the testimony of other persons that they had lost articles of property, and that Patterson had told them that he had been in company with Anderson when Anderson had stolen such articles. Upon objection this evidence was rejected by the court. This was correct. The evidence would have raised issues not proper in this case.

The plaintiff introduced Wallace Hayes as a witness, who testified that he asked the said Patterson " why he made those statements to Cowles (the defendant) about John Anderson, and that Patterson replied that he made them because Cowles offered $10." This evidence was objected to, but the court admitted it. The testimony was apparently offered to repel the defendant's claim that he had acted in good faith in making the complaint, and to show that he had no reason to believe the statements of Patterson to be true. The plaintiff sought to show that Patterson made the statements about Anderson to obtain the $10, rather than because the statements were true. In such case the defendant could not have relied upon them when he made the complaint. Granting that to show Patterson's motive his own declarations were the best evidence, still there was no evidence tending to show that the defendant was aware that Patterson was acting from such motive; and without bringing the knowledge of Patterson's motive home to the defendant, his good faith in making the complaint could not be affected. We think this testimony of Mr. Hayes was inadmissible.

There is error, and a new trial must be granted.

In this opinion the other judges concurred.