NEWELL C. WRIGHT *v.* ADEN C. TEMPLETON.

October Term, 1907.

Present: TYLER, MUNSON, and WATSON, JJ., and WATERMAN,
SUPERIOR J.

Opinion filed October 21, 1907.

*False Imprisonment—Officers—Justification Under Process—*
*Requisites—Necessity of Return—Illegal Commitment—*
*Trespasser Ab Initio—Immaterial Special Verdict.*

An officer cannot justify under a returnable process unless he shows
its return.

In an action for false imprisonment it appeared that defendant, a
duly qualified deputy sheriff, arrested plaintiff on warrants
charging criminal offences and returnable forthwith before a
justice of the peace at Barre, took plaintiff to Barre, but not before
the justice, thence took him to Montpelier where he lodged him in
jail, not for safe keeping so that he could be taken by defendant
before the subscribing justice, but so that defendant could confer
with the state's attorney; that plaintiff remained in jail for
about three hours when he was released by defendant who, by
direction of the state's attorney, then notified plaintiff that said
proceedings before the justice were dropped, and arrested him on
other warrants issued against him from county court. *Held,*

that on making the arrest it was defendant's duty to take plaintiff before the subscribing justice of the peace, as commanded in the warrants; and that the taking of him to Montpelier for said purpose was such an abuse of process as made defendant a trespasser *ab initio* and rendered him liable for false imprisonment, as matter of law.

TRESPASS for false imprisonment. Pleas, the general issue, with notice of justification under two warrants issued by a justice of the peace, on complaint of the state's attorney, charging criminal offences. Trial by jury at the March Term, 1906, Washington County, *Rowell*, J., presiding. No general verdict was submitted. The jury were only asked to assess the damages on the basis that defendant was a trespasser *ab initio*, which they did at $360; and to answer the question whether it was a reasonable and proper thing for the defendant to do, in the circumstances, to take the plaintiff to Montpelier and keep him there instead of keeping him at Barre, which they answered in the affirmative. Judgment on the verdicts for the plaintiff to recover $360 damages and his costs. The defendant excepted. The warrants under which defendant justified were returnable "forthwith."

*Senter & Senter* for the defendant.

The judgment was erroneous.

"In cases of arrest at night, or on Sunday or other holiday, and in many other cases, it becomes necessary for an officer to confine his prisoner temporarily until he can bring him before a magistrate. In such case, being personally responsible for his prisoner, he may confine him in any safe and suitable place which is most convenient. Ordinarily he ought to take him to the county jail, and the keeper of the jail is bound to receive him, even in cases of arrest without warrant for a breach of the peace in the presence of the officer." Hawley's The Law of Arrest, 54.

*George W. Wing* and *John W. Gordon* for the plaintiff.

By failing to take the plaintiff before the justice of the peace who issued the warrants, as therein commanded, and by

lodging him in jail at Montpelier, defendant became a trespasser *ab initio;* and makes no difference in this regard that defendant's failure is a nonfeasance.   *The Six Carpenters' Case,* 8 Co. 8 prt. 146; *Benders* v. *Wilder,* 16 Vt. 393; *Briggs* v. *Gleason,* 29 Vt. 78; *Colby* v. *Jackson,* 12 N. H. 526; *Hall* v. *Ray,* 40 Vt. 576; *Sutton* v. *Beach,* 2 Vt. 42; *Collins* v. *Perkins,* 31 Vt. 624; *Lamb* v. *Day,* 8 Vt. 624; *Eaton* v. *Cooper,* 29 Vt. 444; *Kenerson* v. *Bacon,* 41 Vt. 573; 19 Cyc. of Law & Pro. Tit. False Imprisonment, 353; *Tryon* v. *Pingree,* 67 Am. St. Rep. 419; *Morris* v. *Wise,* 2 F. & F. 51; *Phillips* v. *Fadden,* 125 Mass. 198.

It cannot be questioned that when a person is arrested either with or without a warrant, it becomes the duty of the officer or the individual making the arrest to convey the prisoner in a reasonable time and without unnecessary delay, before a magistrate to be dealt with as the exigency of the case may require. The power to make the arrest does not include the power to unduly detain in custody; but on the contrary is coupled with a correlative duty, to take the accused before a magistrate "as soon as he reasonably can."   1 Hill'd, Torts, 223, §19; *Wright* v. *Court,* 4 B. & C. 596; *Firestone* v. *Rice,* 71 Mich. 377; *B. & O. R. R. Co.* v. *Cain,* 81 Md. 87; *Twilley* v. *Perkins et al.,* 77 Md. 252; *Rohan* v. *Sawin,* 5 Cush. 281; Com. Dig. Imprisonment, H. 4.

"Even if the arrest had been lawful the officers would have had no right to prolong the imprisonment beyond the doors of the lock-up for the purpose of sending the plaintiff out of town, and would have been liable, whether they had a right to release him without bringing him before a magistrate or not."   *Bath* v. *Metcalf et al.,* 145 Mass. 274; *McCloughan* v. *Clayton,* Holt N. P. 478-80; 1 Hale B. C. 592; *Brock* v. *Stimson,* 108 Mass. 520; *Wood* v. *Graves,* 144 Mass. 365.

WATSON, J.   The defendant undertakes to justify under two warrants issued by a justice of the peace upon complaints of the state's attorney of the county charging criminal offences. The warrants commanded the officer serving the same to apprehend the plaintiff and have him forthwith before the subscribing justice at Barre.   The plaintiff was arrested on the warrants by the defendant, a legally qualified deputy sheriff, at

Groton about nine o'clock in the evening of October 8, 1899, and taken to Barre, arriving there between the hours of five and six the next morning.

After a short stop in Barre, and without taking the plaintiff before the justice of the peace who issued the warrants, and without communicating with the state's attorney then at his home in Barre, the defendant took the plaintiff to Montpelier, and when there placed him in jail for safe keeping. Later in the forenoon warrants were issued against the plaintiff from the county court, then in session, on informations filed therein for the same offences. These warrants were put into the defendant's hands by the state's attorney at Montpelier, near ten o'clock, with directions to notify the plaintiff that the proceedings before the justice were dropped, and then to arrest him on the new warrants. Thereupon the defendant let the plaintiff out of jail, notified him as directed by the state's attorney, and arrested him on the warrants issued by the county court. This was ten o'clock or a little after, the plaintiff having been in jail not far from three hours.

The special question submitted to the jury, ''Was it a reasonable and proper thing in point of fact for the defendant to do in the circumstances, to take the plaintiff to Montpelier and keep him there instead of keeping him at Barre?'' was answered in the affirmative. This finding, however, is immaterial, since the record shows that the plaintiff was not taken to Montpelier for safe keeping until he could be taken by the defendant before the subscribing magistrate, as commanded in the warrants, but in fact was taken there so the defendant could confer with the state's attorney as to what further to do with the plaintiff. Whether the defendant had authority so to do is not a question of fact, but one of law.

On making the arrest it was the duty of the defendant to take the plaintiff before the subscribing justice of the peace as commanded in the warrants. 2 Hale, P. C. 112. In *Ellis* v. *Cleveland*, 54 Vt. 437, it was held that an officer could not justify under a returnable process, unless he show its return; for he is commanded to return the writ, and he shall not be protected by it without showing that he has paid due and full obedience to its commands. To the same effect is *Gibson* v. *Holmes*, 78 Vt. 110. True, in each of these cases the arrest was

on civil process. Yet the same doctrine applies in case of a warrant in criminal process. This was expressly held in *Tubbs* v. *Tukey*, 3 Cush. 438, 50 Am. Dec. 744.

The taking of the plaintiff to Montpelier for the purpose shown was such an abuse of process as made the defendant a trespasser *ab initio*. Consequently the fact that the plaintiff's subsequent discharge, there, from that arrest was by the direction of the state's attorney, does not relieve the defendant from liability in this action.

*Judgment affirmed.*