## OLESON v. PINCOCK et al.

No. 4453.   Decided November 10, 1926.   (251 P. 23.)

508

*D. L. Oleson,* of Salt Lake City, in pro. per.

*A. G. Horn,* of Ogden, for respondents.

FRICK, J.

The plaintiff brought this action in the district court of Weber county to recover damages for an alleged false imprisonment. In the complaint it is alleged that the defendants forcibly and unlawfully deprived plaintiff of his liberty The complaint thus clearly states a cause of action. In 19 Cyc. 323, it is said: "Unlawful detention by ■ actual force is unquestionably sufficient to make out a cause of action." It is therefore unnecessary for us to refer to the sufficiency of the complaint further.

The defendants, in their answer, pleaded justification. The plaintiff interposed a demurrer to the plea of justification. The district court overruled the demurrer, and the plaintiff then filed a reply to the answer, admitting certain averments

and denying others. Upon the filing of the reply, the defendants moved for judgment on the pleadings. The district court granted the motion, and judgment dismissing the action was duly entered, from which plaintiff appeals.

Plaintiff insists that the court erred in overruling his demurrer, and further erred in granting the motion for judgment on the pleadings. We are met at the threshold of this appeal with the contention on the part of defendants that plaintiff's assignments of error are not reviewable, for the reason that he failed to except to the rulings of the court in the particulars before stated. There is no merit to this contention. Comp. Laws Utah 1917, § 6966, provides:

"The verdict of the jury, the final decision in an action or proceeding, an interlocutory order or decision finally determining the rights of the parties, or some of them; an order or decision from which an appeal may be taken; an order sustaining or overruling a demurrer, allowing or refusing to allow an amendment to a pleading striking out a pleading or a portion thereof, refusing a continuance; an order made upon ex parte application; and an order or decision made in the absence of a party—are deemed to have been excepted to."

In view of the express language of the section referred to, plaintiff was not required to note an exception. The decision on the motion for judgment on the pleadings was a complete disposition of the case, and hence no exception was required under the statute.

The plaintiff's assignment that the court erred in overruling his demurrer to defendants' answer is without merit. The averments in the answer, although defective and uncertain in a number of particulars, as is hereinafter more particularly pointed out, were nevertheless sufficient to withstand a general demurrer.

The only real questions in the case arise upon the ruling of the district court in granting the motion for judgment on the pleadings. The defendants, in their plea of justification,

averred "that on the 3rd day of April, 1924, said plaintiff did wilfully and unlawfully drive and operate an automobile on the Riverside road, a public highway, at a speed in excess of 30 miles per hour, and that, while driving so, he was observed by the defendants Steele and Mohlman, *who then and there placed said plaintiff under arrest, and brought him to the county courthouse at Ogden City.*" The plaintiff admitted the words not italicized, but denied all of the words that are in italics. The plaintiff thus denied the arrest. The plaintiff contends that, in view of the denial contained in his pleadings, it was incumbent on the defendants to prove by proper evidence that the restraint of plaintiff was authorized by law, and that, in the absence of such proof, the court erred in entering judgment on the pleadings. In defendants' answer it is made to appear that a warrant for plaintiff's arrest was not issued or served until some considerable time had elapsed after he was restrained of his liberty. By considerable time, we mean several hours. Plaintiff therefore vigorously insists that, in view that it was made to appear that the alleged arrest was made without a warrant, and that it was for an offense other than a felony, or for a breach of the peace, the arrest was unlawful. He insists that under the common law an arrest without a warrant could only be made for a breach of the peace. No doubt at common law an arrest for a misdemeanor could only be made without a warrant for a breach of the peace, and this only when the offense was committed in the presence of the person making the arrest. Plaintiff contends that the common law upon that subject is the law of this jurisdiction. We are of the opinion, however, that with regard to that plaintiff is clearly in error. Our statute (Comp. Laws Utah 1917, § 8714), among other things, provides that an officer may arrest a person "without a warrant  *  *  *  for a public offense committed or attempted in his presence." It then provides for arrest for felonies, not material here. The term public offense, in view of other provisions in the statute, necessarily includes every

public offense constituting a misdemeanor. Any other construction would leave the statute without any force whatever, since arrest for breaches of the peace committed in the presence of an officer, as we have seen, can be made under the common law, and, in view that the common law is in force in this state where not otherwise provided, it required no statutory enactment to make arrests for breaches of the peace committed in the presence of the officers legal. The statute is, however, broader than the common law since it provides that one may be arrested for any public offense if committed or attempted in the presence of the officer. Plaintiff's contention that an arrest without a warrant can only be made for breaches of the peace committed in the presence of the officer must therefore fail. The question, however, still remains, Is it made to appear from the pleadings that the arrest of the plaintiff was one authorized by law? It is insisted that, notwithstanding plaintiff's denial of the arrest, he nevertheless was lawfully restrained of his liberty. In this connection it should be stated that the defendants, in their answer, averred that, after plaintiff was arrested as hereinbefore stated, a complaint was duly filed in a justice's court, and a warrant issued and served; that plaintiff was tried and convicted in the justice's court, from which conviction he appealed to the district court of Weber county; that he was again charged with the same offense in the district court, and that he there pleaded guilty to the charge, and that a fine was imposed by said court, which plaintiff paid before bringing the action for false imprisonment. The plaintiff admitted the foregoing averments, and the defendants now insist that, by reason of plaintiff's admissions, he waived the right to recover damages for the alleged false imprisonment. Upon the other hand, plaintiff contends that he did not waive any rights in so far as his restraint was unauthorized and illegal. This precise question of whether a plea of guilty constituted a waiver was before the Supreme Court of Michigan in the case of *McCullough v. Greenfield*, 133 Mich. 463, 95 N. W. 532, 62 L. R. A. 906, 1

Ann. Cas. 924. It is there held that pleading guilty to a misdemeanor, after arrest which the plaintiff in action for false imprisonment alleges was illegal, does not waive the right to recover damages for the unlawful arrest by which plaintiff was unlawfully restrained of his liberty. In passing upon the question, the court said:

"We think the weight of authority does not favor the conclusion that the liability for the illegal arrest is waived by pleading guilty to the offense charged in the warrant."

A moment's reflection will, we think, convince that the foregoing conclusion of the Michigan court is necessarily sound. The right to liberty is too sacred to permit an officer, or any one else, for that matter, to interfere with it without authority of law. One may be illegally arrested and charged with having committed a misdemeanor, and, rather than defend the charge, the accused may plead guilty and pay the fine imposed, and go about his business. It may be a very serious inconvenience to the person arrested, especially if he is away from home, to go through a trial, although he may feel certain of his innocence. He therefore, pleads guilty, and submits to the imposition of a fine. The fact can, however, not palliate or atone for the serious wrong an officer may have committed in making an unlawful arrest, and of illegally depriving the citizen of his liberty. If arrests must be made, and no doubt they must be, they nevertheless should be made in the manner authorized by law. To excuse an officer for invading a most sacred right by making an unauthorized arrest in the hope that the accused citizen may plead guilty rather than go to the trouble of defending himself stretches the doctrine of waiver beyond all reasonable bounds. True it is, as pointed out by the Michigan court in the case referred to, where one is unlawfully arrested, and pleads guilty to the charge, he can recover damages only for the time he was unlawfully restrained of his liberty under the unlawful arrest. For example: Where one is unlawfully arrested, and is taken

before a court of competent jurisdiction, where a complaint is duly filed, and a warrant is issued and served, he can recover only for the time intervening between the unlawful arrest and the issuance and service of a legal warrant.

The plaintiff thus not having waived his right to recover damages, the question recurs whether the alleged justification of the defendants, in view of plaintiff's denials, was nevertheless sufficient to authorize judgment on the pleadings. As we have seen, the defendants in their answer merely averred that the plaintiff was "observed by the defendants" while he was driving at an unlawful rate of speed on a certain highway. All the averments respecting the arrest were, however, denied by plaintiff. In view that the plaintiff's admissions were not tantamount to an admission that he was legally restrained of his liberty, and in view that he had expressly alleged that he was unlawfully and forcibly restrained of his liberty, therefore, in the absence of proper proof of a legal restraint, there is nothing in the pleadings that will support a judgment in favor of the defendants on the merits. In this connection it is perhaps not improper to state that the pleading of justification in the instant case is very loosely drawn and contains unnecessary matter. It also contains many indirect averments from which conflicting inferences might be deduced. The pleading justifying an arrest which deprives a citizen of his liberty should be clear and specific. In 19 Cyc. 361, in stating the requisites of a plea of justification, the law is clearly and tersely stated thus:

"A pleading justifying by legal authority must set forth all the facts essential to the validity of process or power of a court, or all facts and reasons necessary to a defense of arrest without warrant. * * *"

It is also essential to clearly identify the arrest which is justified with the arrest that is the subject of complaint. That is not clearly done in the instant case. As we have seen, defendants in their answer merely averred that the

officers named had observed the plaintiff driving his automobile, whereupon they arrested him. The statute requires that, in order to authorize an arrest without a warrant, the offense must be committed or attempted in the presence of the officer, and not that he may do so merely because he has observed the accused while doing a certain act constituting a misdeamor, such as excessive speed. True, under the allegations of the answer, defendants might prove that the driving was done in the presence of the officers, and that the arrest was immediately made. They, however, have offered no proof whatever, and, to say the least, the averments are inferential rather than direct that the offense was committed in the presence of the officers, and that the arrest was immediately made. At common law the officer could only make an arrest for a misdemeanor which was limited to a breach of the peace, if he did so at the time the offense was committed. Under some statutes, however, the rule is less strict. We think the law upon this subject is correctly reflected in 5 C. J. 406, § 31, where the rule is stated in the following language:

"While peace officers are authorized to arrest without a warrant for offenses committed in their presence, it is usually held that, in order to be valid, the arrest must be made at the time the offense is committed, or within a reasonable time thereafter, or upon fresh and immediate pursuit of the offender. An officer's right to make an arrest without a warrant for past offenses is limited to those of the grade of felony."

No hard and fast rule can, however, be laid down which will fit every case respecting what constitutes a reasonable time. What may be so in one case under particular circumstances may not be so in another case under different circumstances. All that can be affirmed with safety is that the officer must act promptly in making the arrest, and as soon as possible under the circumstances, and before he transacts other business. What constitutes reasonable time as decided by the courts, and the various circum-

stances under which it was held to be reasonable, are referred to in 5 C. J. under the reference which we have quoted.

The averments in a justification should, therefore, be direct and positive, and to the effect that the arrest was lawfully made. The justification by the defendants in the instant case hardly measures up to the foregoing standard.

It is, however, also insisted that, in view that the plaintiff pleaded guilty to the charge in the district court, as hereinbefore stated, and in view of other admissions to which reference has been made, it is manifest that the officers had good cause for making the arrest, and that good cause is always a complete defense. In this defendants are in error. Where an officer had good cause for making the arrest in a felony case, it is a defense, but merely to show good cause for making an arrest in a misdemeanor is not a defense. The statute requires that an arrest for a misdemeanor can only be made if the offense is committed or attempted in the presence of the officer, and, as we have seen, it must be immediately made or within a reasonable time thereafter, depending upon the circumstances. The officer may, therefore, have good cause to arrest a man for a misdemeanor that he committed yesterday or last week, but that is no defense. Good cause for an unlawful arrest in a misdemeanor is therefore utterly immaterial, unless the arrest was made as provided by statute.

It necessarily follows that for the reasons stated the judgment must be, and accordingly is, reversed, and the cause is remanded to the district court of Weber county, with directions to grant the plaintiff a new trial, and to proceed with the cause in accordance with the views herein expressed. Appellant to recover costs.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.