## MODESETT et al. v. EMMONS et ux.*
### (No. 933–4723.)

Commission of Appeals of Texas, Section A. March 30, 1927.

1. **Assault and battery ⇐⇒26—Violence used by officer in executing process is presumed lawful, and burden of proof is on one asserting its unlawfulness.**

If in executing process an officer uses violence on the person of another, as may be necessary, the law presumes such violence is lawful till the contrary is shown, and the burden of proof is on one asserting its unlawfulness.

2. **Trial ⇐⇒215—Defendant officer in assault and battery held entitled to have explained by instruction reasonable appearance of danger submitted by special issue.**

The right to act on apparent danger being an issue in action for assault in the execution of process by an officer, defendants were entitled to have fully and clearly explained by instruction the reasonable appearance of danger submitted by special issue.

3. **Assault and battery ⇐⇒13—"Apparent danger" relative to right of officer to use force in serving process held reasonable apprehension of danger as it appeared to him.**

Apparent danger, applicable to case of officer who in service of process shot a person who grabbed a gun, was the reasonable apprehension of danger as it appeared to the officer viewed from his standpoint at the time.

[Ed. Note.—For definitions, see Words and Phrases, First and Second Series, Apparent Danger.]

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Ike Emmons and wife against H. T. Modesett and others. Judgment for plaintiffs was affirmed as to the defendants other than Modesett by the Court of Civil Appeals (286 S. W. 276), and defendants bring error. Reversed and remanded.

Stevens & Stevens and Cole, Cole & O'Connor, all of Houston, for plaintiffs in error.

A. F. Sundermeyer and Ewing Werlein, both of Houston, for defendants in error.

BISHOP, J. In 1921 H. T. Modesett was the owner of a tract of land in San Jacinto county, Tex., upon which Ike Emmons and his wife were trespassers. They were occupying a small house on the tract. Modesett filed suit against Emmons to recover title and possession of the land, and sued out a writ of sequestration, which was placed in the hands of Turner Ross, sheriff of said county. On December 23, 1921, the sheriff notified Emmons of the issuance of the writ, and on December 31, 1921, placed the writ in the hands of his deputy, Ruge Elmore, with instruction to execute it. Elmore, accompanied by two other deputies and Modesett, went to the house occupied by Emmons and wife for the purpose of executing the writ of sequestration. When they reached the house Emmons was sitting on the front gallery, and his wife was sitting in a chair in the doorway. The deputy Elmore advised them that they had come to execute the writ of sequestration. When an attempt to execute the writ was made, Mrs. Emmons told the officers she did not want her "things moved," and, rising from her chair, she caught hold of a shotgun. When she did this one of the

other deputies said, "Look out for that gun," and Elmore shot and seriously wounded her arm. While the testimony of all the witnesses shows that Mrs. Emmons had hold of the gun at the time she was shot, it is conflicting as to the position in which she held it at the time the shot was fired. Emmons and his wife testified that she had only pulled the gun to her, while the deputies testified that she was presenting the gun as if to shoot. One of the deputies testified that just after the shooting and while they were tying up Mrs. Emmons' arm, Mr. Emmons said to either his wife or mother-in-law, who was present, "You see, I told you that would not work." Emmons admitted that something like this was said, but denied that he understood that his wife was going to get the gun. After the shooting Mr. Emmons was put under arrest. Handcuffs were put on him, and he and his wife were carried to Shepard, some 12 miles away, where her wound was treated.

Defendants in error Emmons and wife filed this suit against plaintiffs in error Modesett, Elmore, and Sheriff Ross and his official bondsmen for damages for the injuries inflicted upon Mrs. Emmons by the shooting, and also for damages actual and exemplary for illegal arrest of Emmons. In their petition they alleged that they "were entirely unarmed, and made no effort or attempt to resist" the officers in the performance of their duty in executing the writ of sequestration, but that one of the officers, "unlawfully, maliciously, and with the deliberate intent to injure," shot Mrs. Emmons, and that, though the officers had no warrant of arrest, they, with malice and without probable cause, arrested Emmons and placed handcuffs on him and carried him and his wife to Shepard. Plaintiffs in error answered by general denial, and specially pleaded that the shooting was done in self-defense against an assault made by Mrs. Emmons with a gun. The cause was submitted to the jury on special issues, one of which was:

"From his situation, did it reasonably appear to the defendant Ruge Elmore at the time he shot the plaintiff Mrs. Emmons that it was necessary to do so to save his own life or to prevent the infliction upon him of serious bodily harm?"

Over objection by plaintiffs in error, the jury were instructed that the burden of proof was upon plaintiffs in error by a preponderance of the evidence to establish the affirmative of this special issue. They also requested the following instruction, which was by the court refused, to wit:

"In connection with the special issue as to whether it reasonably appeared to the defendant Ruge Elmore, and viewed from his standpoint, at the time he shot Mrs. Emmons, that it was necessary to do so to save his own life or to prevent the infliction upon him of serious bodily harm, you are instructed that, in order for the defendant Ruge Elmore to justify himself in said shooting, it was not necessary that there should have been actual danger, provided that said Elmore acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time."

Verdict and judgment were in favor of defendants in error Emmons and wife for damages for injuries sustained by Mrs. Emmons and for illegal arrest of her husband. The judgment against the sheriff, his deputy and bondsmen, was by the Court of Civil Appeals in all respects affirmed. Judgment against Modesett was reversed and the cause against him remanded. 286 S. W. 276.

[1] Regardless of what the presumption of law is, when violence is used upon the person of another by one not an officer in the discharge of his duty, the performance of duty according to law by an officer in executing process is presumed. If, in executing legal process, an officer uses violence upon the person of another, the law presumes that such violence is lawful until the contrary is shown, and the burden of proof is on the one asserting unlawful violence to establish that fact. 5 C. J. p. 663; State v. Hines, 148 Mo. App. 289, 128 S. W. 248. The use of force and violence may and often does become necessary in performance of duty by an officer. Realizing this, our statutes provide that, even "homicide by an officer in the execution of lawful orders of magistrates and courts is justifiable when he is violently resisted and has just grounds to fear danger to his own life in executing the order." Penal Code 1925, art. 1210. The law does not, and should not, indulge in a presumption that those acts which may be necessary in the performance of official duty are unlawful and wrongful. The burden was on defendants in error to both allege and prove either that the occasion furnished no justification for the use of force and violence by the officer executing the writ, or that the force and violence used were in excess of that authorized and permitted by law. The instruction placing this burden on plaintiffs in error was erroneous.

[2, 3] There was evidence that the gun which Mrs. Emmons held in her hand at the time she was shot was not loaded, and that the officer was not in actual danger of either death or serious bodily injury. The right to act upon apparent danger was an issue in the case, and plaintiffs in error were entitled to have the reasonable appearance of danger presented by the court in the special issue fully and clearly explained as was done in the special requested instruction above quoted, and which the court refused. Apparent danger, as applicable to this case, was the reasonable apprehension of danger as it appeared to Elmore viewed from his

standpoint at the time, and the jury should have been so instructed.

We recommend that the judgment of the Court of Civil Appeals affirming the judgment of the district court be reversed, and that the judgment of the district court be reversed and the cause remanded.

CURETON, C. J. Judgments of the district court and the Court of Civil Appeals are both reversed and the cause remanded, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.