ADOLPH STROMBERG v. C. O. HANSEN AND ANOTHER.[1]

April 26, 1929.

No. 27,235.

[1]Reported in 225 N. W. 148.

*James H. Hall,* for appellant.

*Johnson & Schaefer,* for respondents.

WILSON, C. J.

Plaintiff appealed from an order denying his motion for a new trial.

The action is for false imprisonment. Plaintiff's indebtedness to a bank secured by chattel mortgage was due. The bank's demand for possession of the chattels was refused. Replevin papers were put in the hands of the defendant Clay W. Evans, a deputy sheriff, the defendant Hansen being the sheriff. The verdict establishes the fact that plaintiff refused the demand made under the replevin papers. He threatened to shoot Evans if he performed his official duty. Thereupon, at about one o'clock p. m. Evans, with the assistance of a bystander, arrested plaintiff and put him in the local jail where he remained until nine o'clock in the evening.

Plaintiff's threat to shoot defendant, made (1) to compel him to abstain from doing his duty which he had a right to do, or (2) in an attempt to intimidate him, amounted to a misdemeanor. G. S. 1923 (2 Mason, 1927) § 10431. This crime being committed in his presence the officer had a right to arrest him without a warrant as he did. G. S. 1923 (2 Mason, 1927) § 10570.

The incident occurred in Lake Benton. Mr. Evans promptly applied to a local justice of the peace for a warrant. The justice of the peace delayed to look up the law. At 4:30 p. m. the warrant

was issued. Evans apparently regarded the situation as affecting his official position. He promptly telephoned the sheriff, who was attending court in Ivanhoe about 20 miles away. The sheriff arrived at Lake Benton about seven o'clock and apparently assumed charge of the situation. He talked with plaintiff and, upon having his promise to make no more threats and to behave himself, released him.

The claim is made that Evans subjected himself to liability by an unreasonable delay in taking the plaintiff before the magistrate after receiving the warrant. It never was served. Plaintiff was held four and one-half hours after the warrant was put in the officer's hands. The officer does not make a very accurate account of his time or conduct while the plaintiff was detained. Possibly he was in the country a part of the time. He may have driven to Ivanhoe. He may have gone after the sheriff. The jury, under the evidence, could infer that the major portion of the delay was incident to procuring the presence of the sheriff. This may have been considered a proper act under the circumstances of the case.

It was the officer's duty upon receiving the warrant to bring the plaintiff before the magistrate so that he would have an opportunity to give bail or otherwise procure his release. He must do this without unnecessary delay and within a reasonable time under the circumstances. The power of detaining the person so arrested or restraining him of his liberty does not lie within the discretion of the officer. The prisoner's lawful detention becomes unlawful upon the expiration of the reasonable time in which to bring him before the court. Its illegal character commences not from the beginning, but from the moment of the expiration of the reasonable time in which to act. If he is released before the expiration of such time he has no cause of action. His restraint is either legal or illegal. If the latter he has a right of action irrespective of his release. Some authorities say that if the prisoner accepts his release or is released at his request or with his consent he waives his right of action. This rule seems unreasonable in its imposition of assumed knowledge of legal rights on the part of the ordinary person and is,

310

we believe, susceptible of working great injustice. We do not adopt it. See 27 Colum. L. Rev. 607.

The arrest being legal, the officer must take the prisoner before the proper officer without a detention longer than is reasonably necessary. What is a reasonable time in such a proceeding must depend upon the facts in each case. If there is no conflict in the evidence the question of the reasonableness of the delay is for the court. Where the facts are in dispute or where the evidence reasonably permits different inferences, the question is for the jury. Cochran v. Toher, 14 Minn. 293 (385). In this case the record required the submission of the case to the jury. 25 C. J. 493, § 62, 550, § 158; Schoette v. Drake, 139 Wis., 18, 120 N. W. 393.

■ It is also claimed that even if the arrest was legal, the unlawful delay after receiving the warrant made the officer a trespasser ab initio. Such rule of law applies only when the legal arrest is intentionally made and used as a cover to subsequent illegal conduct. The record fails to show anything to indicate that the arrest was made with any intent to detain plaintiff an unreasonable time or to delay action after getting the warrant, or to do plaintiff any wrong. Upon such a record as this the legality of the arrest is not tainted by the alleged subsequent delay. Moreover the delay, if unreasonable, was an omission to do what the plaintiff, after the arrest was made, had a right to demand. Failure to perform such duty does not amount to such an abuse of authority as to make the officer a trespasser or wrongdoer from the beginning. As above indicated, upon such a record as this, the legal acts which exist up to the commencement of the unreasonable delay remain valid. A. T. & S. F. Ry. Co. v. Hinsdell, 76 Kan. 74, 90 P. 800, 12 L.R.A. (N.S.) 94, 13 Ann. Cas. 981; Keefe v. Hart, Ann. Cas. 1914A, 717, note. There is little reason to support the doctrine of trespass ab initio where the defendant's privilege to arrest depended upon plaintiff's own conduct.

■ The replevin papers were properly received in evidence. They were competent and important, first in relation to the credibility of Evans, and secondly as showing his official duty in his transactions with plaintiff.

■ The criminal complaint and warrant were also received in evidence over the objection of plaintiff. We see no harm in this, and there is authority for their reception as bearing upon the credibility of the evidence of the defense. Schoette v. Drake, 139 Wis. 18, 120 N. W. 393. The ruling was without error.

Affirmed.

