Wilkin Shaw v. The State.

No. 12622.   Delivered June 12, 1929.

The opinion states the case.

No brief filed for the appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is wilfully opposing and resisting an officer in an attempt to arrest without warrant another for a misdemeanor as defined in Article 339 P. C.; the punishment being assessed at a fine of $25.00.

Among other things it is alleged in the complaint that the officer "did then and there in a legal manner arrest and attempt to arrest * * * Nettie Shaw * * * without a warrant as he was then and there authorized and required by law so to do." While facts disclosing that Nettie Shaw had committed a "breach of the peace" on a public street in the town of Forney are alleged, no facts are averred showing that the officer had authority to arrest the said Nettie Shaw

without a warrant. Appellant moved to quash the complaint and information on the ground that it did not appear from said instruments that the officer had legal authority to make the arrest of Nettie Shaw, in that it was not averred that the "breach of the peace" occurred in the presence or view of the officer.

It was incumbent upon the state to prove that the "breach of the peace" was committed in the presence or view of the arresting officer. Article 212 C. C. P. It has been held by this court that an indictment or information drawn under the provisions of the statute in question should allege directly and affirmatively that the officer was arresting under a warrant or without a warrant. Branch's Annotated Penal Code of Texas, Section 915; Lee v. State, 45 Tex. Cr. Rep. 94, 74 S. W. 28; Harless v. State, 53 Tex. Cr. Rep. 319, 109 S. W. 934. Further it has been held that an indictment or information for opposing or resisting an officer arresting without a warrant should allege the facts showing that the arrest was one which the officer could lawfully make without a warrant. McKinney v. State, 22 S. W. 146; Lee v. State, supra; Branch's Annotated Penal Code of Texas, supra; Harless v. State, supra.

An arrest without warrant for a breach of the peace committed in the presence of the arresting party is not authorized unless made at the time the offense was committed or while there is a continuing danger of its renewal. Satterwhite v. State, Opinion Number 12153, delivered April 3, 1929, and not yet reported.

The averment that the arrest without warrant was authorized by law was but a conclusion of the pleader. It was not equivalent to an allegation that the "breach of the peace" was committed in the presence of the arresting officer. In Harless v. State, supra, Judge Davidson said:

"Whenever an officer undertakes an arrest of a citizen, it must be in compliance with the authority confided by law; otherwise, he has no right to make the arrest. If it is not under and by virtue of a warrant, this matter must be sufficiently pleaded to show his authority and that it is legal, and the fact must be stated, and sufficient facts, also, to show that the offense was one in which he was authorized to arrest by the terms of the law when he was not armed with a warrant. We are of the opinion that the affidavit and information are not sufficient."

Giving effect to the principles controlling, we are of the opinion that it should have been alleged in the complaint and information

that the "breach of the peace" for which the officer was seeking to arrest Nettie Shaw was committed in his presence.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.