SMITH et al. v. BRYSON.

No. 3861.

Court of Civil Appeals of Texas. Texarkana.
May 28, 1930.

Rehearing Denied Oct. 9, 1930.

Beard & Abney, of Marshall, for appellants.

Prendergast & Prendergast, of Marshall, for appellee.

WILLSON, C. J. (after stating the case as above).

We agree with appellants in their contention that it did not conclusively appear from the evidence that appellant Smith (1) did not have a lawful right to arrest appellee for assaulting one Brewer, and, having arrested him (2) did not have a right to handcuff him; and with their further contention that the trial court therefore erred when he instructed the jury as he did.

By force of the statute (article 212, Rev. C. C. P. of 1925) Smith had a right to arrest appellee if the latter in the former's presence or within his view assaulted Brewer. While appellee, testifying as a witness, denied he did that, Smith as a witness testified he saw appellee strike Brewer with a hammer, and his testimony was corroborated by that of other witnesses.

As we understand it, appellee is not in the attitude of claiming the evidence would not have supported a finding that he assaulted Brewer, nor is he in the attitude of claiming that, if he did assault Brewer, it was not in Smith's presence or within his view. His contention is that, if it appeared he did so assault Brewer, Smith's act in arresting him nevertheless was illegal, because it appeared,

further, that "when (quoting from his brief) the arrest was made the assault had been completed," and it was not claimed he "was attempting a further breach of the peace."

But we think if Smith, when within 350 feet of appellee, as he testified he was, saw appellee strike Brewer with a hammer, and at once ran to where he (appellee) was and arrested him, as he testified he did, his act in arresting appellee was not unlawful, because the assault was then complete, and appellee was not offering to follow it up by any further disturbance of the public peace. Satterwhite v. State, 112 Tex. Cr. R. 574, 17 S.W.(2d) 823; Shaw v. State (Tex. Cr. App.) 18 S. W. (2d) 628; Oleson v. Pincock, 68 Utah, 507, 251 P. 23; Ramsey v. State, 92 Ga. 53, 17 S. E. 613; note to State v. Evans, 84 Am. St. Rep. 685; 5 C. J. 406; 2 R. C. L. 447. We do not think appellee's contention to the contrary is supported by the ruling in the Satterwhite Case, supra, nor by any of the other authorities cited by him in his brief. In the Satterwhite Case it appeared that the attempted arrest was made five minutes after the assault occurred, and not at the place where it occurred, by one who, though present when it occurred, had left the place where it occurred and gone with another person to get a gun.

▪ As to Smith's conduct in handcuffing appellee, appellee's testimony as a witness would have warranted a finding that it was unnecessary, but we are not prepared to say that other testimony before the jury would not have authorized a contrary finding by them. Smith testified that the automobile he had to use in carrying appellee had only two seats, that, when arrested, appellee refused to go with him, laid down in the road, acted like a crazy man, and had to be carried and put into the automobile by force. 5 C. J. 432; 25 C. J. 494.

▪ When he arrested appellee, it was Smith's duty to immediately take him before the nearest magistrate (article 217, Rev. C. C. P. of 1925), who, it appeared in the testimony, was the one in said town of Waskom. It conclusively appeared Smith did not do that, but instead carried appellee through that town and to Marshall, twenty miles away, where he placed him in the Harrison county jail. It is insisted such conduct on Smith's part made him a trespasser ab initio, and that the trial court therefore had a right to instruct the jury as he did, even though Smith's acts in arresting and handcuffing appellee were not unlawful.

It is held that the doctrine invoked applies "only when the legal arrest is intentionally made and used as a cover to subsequent illegal conduct." Stromberg v. Hansen, 177 Minn. 307, 225 N. W. 148, 149. We do not think it conclusively appeared that this was such a case, and therefore do not agree with appellee in his contention. While appellee testified to the contrary, Smith testified he offered to take appellee before the magistrate in Waskom, and that appellee "refused to go and said he would not make bond" if carried before said magistrate; and testified further that he offered to take appellee before a magistrate when they reached Marshall, and that appellee "refused to do so," insisting each time the offer was made that he had Smith "where he wanted him." This testimony, it seems to us, would have authorized a finding that the arrest of appellee was not intended as a cover for his wrongful act in having appellee placed in jail and confined there for an unreasonably long time before a complaint of any kind was made against him. If it would, then the action of the court in instructing the jury as he did cannot be justified on the "trespasser ab initio doctrine." As it cannot, appellee's contention that the judgment should not be disturbed, even if Smith's acts in arresting and handcuffing him were not wrongful, cannot be sustained.

▪ We think the court erred when he admitted as evidence over appellants' objection: (1) The affidavit and information charging appellee with an assault on Brewer; (2) the statement of facts on the appeal of the case against appellee based on said affidavit and information; (3) the testimony of the county attorney that, when the judgment in that case convicting appellee of such an assault was reversed and the cause remanded to the county court of Harrison County for a new trial, he dismissed the prosecution against appellee because he thought the evidence "was insufficient to sustain a conviction"; and (4) the testimony of appellee "that while he was in jail he paid a fine that had been assessed against a man by the name of Cofer for the purpose of enabling him (the plaintiff-appellee) to get out of jail and make bond."

▪▪ The tenth, eleventh, twelfth, and sixteenth assignments of error are therefore sustained, as is the eighth, in which appellants complain (on the ground that same was not warranted by the evidence) of the part of the court's instructions to the jury authorizing them in estimating appellee's damages to consider attorney's fees paid by him to secure his release from jail. We think the court did not err when he refused to permit appellants to make the proof about the controversy between appellee and the Magnolia Gas Company in Louisiana, and therefore overrule the fourteenth and fifteenth assignments of error.

The judgment will be reversed and the cause will be remanded to the court below for a new trial.

On Motion of Appellants for a Rehearing.

▪ At the trial appellee contended he was on his own land at the time, if he struck Brewer with a hammer, and that Brewer was a mere trespasser thereon. Appellants offered evidence to prove that the land instead

was part of a public road, and assigned as error the action of the court in excluding such evidence. We think appellants had a right to make such proof, and that it was error to refuse to permit them to do so.

We do not think this court and the trial court erred in other respects specified in the motion.

## On Motion of Appellee for a Rehearing.

In the motion it is insisted this court erred in holding on the authority of Stromberg v. Hansen, 177 Minn. 307, 225 N. W. 148, 149, that the doctrine of trespass ab initio invoked by appellants in support of the judgment applied in a case "only when the legal arrest is intentionally made and used as a cover to subsequent illegal conduct," and attention is again called to cases cited by Bryson in his brief, which, it is asserted, hold to the contrary. We have re-examined those of said cases accessible to us, to wit, Anderson v. Cowles, 72 Conn. 335, 44 A. 477, 77 Am. St. Rep. 310; Dehm v. Hinman, 56 Conn. 320, 15 A. 741, 1 L. R. A. 374; Wright v. Marvin, 59 Vt. 437, 9 A. 601; Williams v. Babbitt, 14 Gray (Mass.) 141, 74 Am. Dec. 670, and note; and Wright v. Templeton, 80 Vt. 358, 67 A. 817, 130 Am. St. Rep. 990; and, as we construe them, none of them support appellants' view. On the other hand, the holding in the Stromberg Case has support in reason and by Modesett v. Emmons (Tex. Civ. App.) 286 S. W. 276; Id. (Tex. Com. App.) 292 S. W. 855; Atchison, T. & S. F. Ry. Co. v. Hinsdell, 76 Kan. 74, 90 P. 800, 12 L. R. A. (N. S.) 94, 13 Ann. Cas. 981; McClenny v. Inverarity, 80 Kan. 569, 103 P. 82, 24 L. R. A. (N. S.) 301; and see note to Barrett v. White, 14 Am. Dec. 365.

It is asserted in the motion that this court "erred (quoting) in holding that Smith had a right to handcuff Bryson because Bryson would not go with him to jail." But this court did not so hold, as will be seen if the opinion disposing of the appeal is examined. Nor did this court hold, as is charged against it in the motion, that, "if Bryson told Smith he would not make bond and refused to go before a magistrate that this would justify Smith in placing Bryson in jail and making no complaint against him." This court did say in said opinion, as is charged further in said motion, that it did not understand Bryson to be "in the attitude of claiming the evidence would not have supported a finding that he assaulted Brewer." Appellee insists such was his attitude, and in the motion asserts that it appeared he acted in self-defense if he struck Brewer with a hammer, and therefore, in that event, was not guilty of an unlawful assault on Brewer. The burden of proving Bryson did not act in self-defense if he struck Brewer was on appellants (25 C. J. 538), and the writer is inclined to think the trial court had a right to say it appeared as a matter of law that they had not discharged the burden. However, the conclusion of the other members of the court that the evidence would have warranted a finding by the jury that Bryson did not act in self-defense is unchanged. Therefore (the court being of the opinion that other contentions presented by appellants should not be sustained) the motion is overruled.