

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Edgar A. Maddox
County Attorney
Palo Pinto County
Palo Pinto, Texas

Dear Sir:

Opinion No. O-3595
Re: Is a military policeman of
the United States Army an
officer within the purview
of Articles 339 and 356,
Penal Code, and Article
41, Code of Criminal Pro-
cedure of Texas?

This will acknowledge receipt of your letter of re-
cent date in which you ask our opinion upon the above stated
question. You further ask whether a complaint will properly
lie against a private citizen, under Article 339 of the Penal
Code, where a military policeman is in the act of arresting
a soldier in a uniform, without a warrant, for the offense of
drunkeness in his presence, where the private citizen opposes
and resists the execution of the arrest.

Article 339 of the Penal Code reads as follows:

"If any person shall wilfully oppose or
resist an officer in executing or attempting
to execute any lawful warrant for the arrest
of another person in a misdemeanor case, or
in arresting or attempting to arrest any per-
son without a warrant, where the law author-
izes or requires the arrest to be made with-
out a warrant, he shall be fined not less
than twenty-five nor more than five hundred
dollars, and if arms be used, be fined not
less than fifty nor more than one thousand
dollars."

The article quoted is included in Chapter 4 of Title
8 of the Penal Code, entitled "Arrest and Custody of Prisoners."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

798

Article 346, Penal Code, (same chapter and title) reads as follows:

"By 'Officer,' as used in this chapter, is meant any peace officer, as sheriff, deputy sheriff, constable, marshal or policeman of a city or town, any jailer or guard, or any person specially authorized by warrant to arrest."

Article 41, Code of Criminal Procedure, to which you refer, reads:

"Each sheriff shall be a conservator of the peace in his county, and shall arrest all offenders against the laws of the State, in his view or hearing, and take them before the proper court for examination or trial. He shall quell and suppress all assaults and batteries, affrays, insurrections and unlawful assemblies. He shall apprehend and commit to jail all offenders, until an examination or trial can be had."

Article 339, Penal Code, supra, has been said to relate to and prohibit resistance to peace officers. Harless v. State, 53 Tex. Cr. R. 319, 109 S. W. 934. In addition to the limitation imposed by Article 346, supra, we direct your attention to the provisions of Article 36, Code of Criminal Procedure, which we quote:

"The following are 'peace officers:' the sheriff and his deputies, constable, the marshal or policemen of an incorporated town or city, the officers, non-commissioned officers and privates of the State ranger force, and any private person specially appointed to execute criminal process."

Thus we see that there is no provision made for the application of Article 339, Penal Code, when the arrest is attempted by a military policeman of the United States army. Articles 3 and 7 of our Penal Code would seem applicable; Article 3 reads in part that "no person shall be punished for any act or omission, unless the same is made a penal offense, and a penalty is affixed thereto by the written law of this State." Article 7 contains this language: "* * * and no person shall be punished for an offense which is not made penal by the plain import of the words of a law."

Honorable Edgar A. Maddox, Page 3

A military policeman, as such, is not charged with the duty of enforcing the provisions of the Texas Penal Code. His activities are regulated by and he is amenable to regulations of the War Department, orders of his superior officers and statutes of the United States. In time of war all offenses committed by soldiers are cognizable by courts-martial or military commissions. In time of peace a person in the military service who, in any portion of a State not within the exclusive jurisdiction of the United States, commits a criminal offense recognized and made punishable by the laws of the State is amenable to the State courts for such offense. Such jurisdiction is clearly recognized by the seventy-fourth article of war providing for the delivery of such offenders to the civil authorities when they are charged with offenses which are punishable by the "laws of the land." See 5 Corpus Juris 367, ¶ 225; 10 U. S. C. A. ¶ 1546, Title 10-Army.

Drunkeness in a public place is not within itself such an offense as will justify an arrest without a warrant even when made by one of the specifically named peace officers, except city policemen, city marshals and chiefs of police. See Bennett v. State, 136 Tex. Cr. R. 192, 124 S. W. (2d) 359.

To properly effect a prosecution for a violation of Article 339, supra, the information or indictment must allege whether the arrest was sought by virtue of a warrant or without one, and in order to sustain a conviction, the State would be required to prove facts showing under which circumstances. If the arrest was attempted without a warrant, the legality of such arrest would be essential to uphold the judgment. Earless v. State, supra; Shaw v. State, 113 Tex. Cr. R. 169, 18 S. W. (2d) 628.

You are therefore respectfully advised that a military policeman is not an officer within the purview of the statutes cited by you. While additional facts may show other provisions of the Penal Code to have been violated, you are also advised that it is our opinion that a private citizen would not be subject to punishment under Article 339, Penal Code, supra, under the facts submitted.

APPROVED JUN 10, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall
Benjamin Woodall
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

BW:RS